MILLERS' MUT. CASUALTY CO. v. HOO VER et al. (No. 8251.)

(Court of Civil Appeals of Texas. Dallas. Nov. 8, 1919. Rehearing Denied Dec. 6, 1919.)

MASTER AND SERVANT ⬅➡361 — WORKMEN'S COMPENSATION ACT; CORPORATION'S DIRECTOR SERVING AS EMPLOYÉ, NOT EXCLUDED AS OFFICIAL.

Under Workmen's Compensation Act (Vernon's Ann. Code Cr. Proc. Supp. 1918, arts. 5246—2, 5246—82), naming employés entitled to its benefits and excluding officers and directors of corporations, one under contract of hire, who is injured in the performance of his duties as superintendent and head miller, is not excluded from the benefits of the act, though he is also a director of the corporation employing him.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Proceeding by Louise E. Hoover, surviving wife of Guy Frank Hoover, before the Industrial Accident Board, for an award for his death, opposed by the G. B. R. Smith Milling Company, employer, and the Millers' Mutual Casualty Company, insurer. From a judgment affirming the award, the insurer appeals. Affirmed.

Hamp. P. Abney, of Sherman, for appellant.

G. P. Webb, of Sherman, for appellees.

RASBURY, J. The Industrial Accident Board, upon hearing, awarded Louise E. Hoover, and Kenneth E. and Francis L. Hoover, surviving wife and children, respectively, of Guy Frank Hoover, deceased, judgment against appellant for $5,400, payable $15 per week for a period of 360 weeks, upon the showing that Guy Frank Hoover lost his life while in the employ of the G. B. R. Smith Milling Company, which was a subscriber to the Employers' Insurance Association and at the time of the death of Hoover held a policy in appellant company protecting its employés. After the award appellant, in the time and manner provided by the Workmen's Compensation Act, brought this proceeding to cancel said award on the ground that Guy Frank Hoover was not an employé of the G. B. R. Smith Milling Company, within the meaning of said act, nor under the terms of the policy issued by appellant to the milling compa-

ny. There was trial to jury, to whom the issues of fact were referred in the form of the usual interrogations for special verdict; but, inasmuch as the court directed the answers to be made to the interrogatories, we shall only state the facts which bear upon and control the single issue presented in the brief and presently stated. Those facts are not controverted in the evidence and are briefly these:

The G. B. R. Smith Milling Company is a private domestic corporation and conducts a flourmill at Sherman. It had a board of seven directors, consisting of G. B. R. Smith, Guy Frank Hoover, and five others. G. B. R. Smith was its president and general manager. Guy Frank Hoover was its superintendent and head miller. Generally his duties were to direct the operation of the plant machinery, the making of flour, overlook and direct repairs, and at times do the actual work in connection with such matters. He was without authority to employ and discharge servants, though he did at times exercise that authority to a limited extent. The ultimate authority to direct the mill and its operation, to employ and discharge servants, was reposed in G. B. R. Smith, the president and general manager, who employed Hoover and had authority to discharge him. Hoover received a salary of $165 per month. Whether any part of said sum was paid him as a director of the corporation the evidence does not disclose. Hoover was accidentally killed at the mill while engaged in the performance of his duties as superintendent and head miller. Thereafter within the time and manner directed by the act his claim was presented to the Industrial Accident Board, and the award indicated was made.

The Workmen's Compensation Act, after excepting from its provisions domestic servants and farm laborers, and providing that its terms shall not include persons, firms, or corporations employing less than three persons, or operating steam, electric, street, or interurban railways, etc., enacts that the employés entitled to the benefit of the act "shall mean every person in the service of another under any contract of hire, express or implied, oral or written," unless they be masters of or seamen on vessels, etc., and unless the employment is not "in the usual course of trade, business, profession or occupation of his employer." Articles 5246—2, 5246—82, vol. 2, Vernon's 1918 Supp. Tex. Civ. & Crim. Stats. The act also provides, which provision is an amendment of the original act, that "the president, vice president or vice presidents, secretary or other officers * * * and the directors" of corporations who accept the act "shall not be deemed or held to be an employé within the meaning of that term as defined" in the act. Article 5246—83, vol.

2, Vernon's 1918 Supp. Civ. & Crim. Stats.

The appellant contends that, since Hoover was a director of the subscribing corporation, he was not entitled under the provisions of the act quoted to the benefits thereof, regardless of what other relation he may have in fact sustained to the corporation, since he could in no event be an employé, within the meaning of the act. Stated otherwise, even though he was in fact an employé of the kind defined by the act as being entitled to its benefits, if he was also a director of the subscribing corporation, he was excluded from its benefits.

We are unable to agree with the contention. The provisions of the quoted article, which exclude officials of the corporation from participating in the benefits of the act, we are convinced refer to them as such; that is to say, while they are engaged in the performance of the duties conferred on them by law, as, for example, as to directors, the general management and direction of the corporate affairs, and as to the officers, the exercise of those duties and powers conferred on them by the directors or the by-laws of the corporation. The article purports to deal with them in that respect only. It neither directly nor inferentially denies the right of such officials to have other and different relations with the corporation. Conceivably, and not unnaturally, officers and directors of corporations might be employed in the performance of duties of a character wholly distinct from and unrelated to those ordinarily exercised as such officials. The act as a whole neither denies them the right to serve in the capacity of an ordinary servant or employé, nor denies the corporation the right to engage their services in that particular. If, as matter of fact, they are so otherwise employed, and that the employment is such as to bring them within the definition of "employé" contained in the act, and while so engaged they are injured, they are, in our opinion, entitled to the benefits of the act. What employés or servants are included in the definition, or what particular test is to be applied to determine that issue, will depend largely upon the facts of each case.

In the present case it is not claimed that Hoover was engaged in the performance of his duties as director when injured. It is, in effect, conceded that his services were such as to raise the ordinary relations of master and servant, as it is also conceded that he was in the employ of the milling company under a contract of hire. Such being the facts, and having reached the conclusion that the article excluding corporate officials from the provisions of the act applies to them only as such, it becomes our duty to affirm the judgment of the trial court.

Affirmed.