THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS SENDROWITZ, Appellant, v. SHERIFF OF KINGS COUNTY, Respondent.— Upon stipulation, appeal withdrawn. In view of the disposition of the case, the motion to make Dora Topal a party to the appeal is dismissed.   Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ., concur.

ISIDOR H. VOGEL, Respondent, v. MAX SPELREIN and MOE MANOWITZ, Appellants.— Judgment unanimously affirmed, with costs.   No opinion.   Present— Young, Rich, Kapper, Lazansky and Hagarty, JJ.

KINGSWAY REALTY AND MORTGAGE CORPORATION, Respondent, v. KINGSWAY REPAIR CORPORATION, Appellant.— Application granted.

---

THIRD DEPARTMENT, NOVEMBER, 1927.

In the Matter of the Claim of NELLIE S. SMALL, Respondent, against GIBBS PRESS, INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — employees — executive officer within Workmen's Compensation Law, section 54, subd. 6 — employee, appointed secretary of corporation without change of employment, is not executive officer.*

Appeal from an award of the State Industrial Board made on March 28, 1927.

PER CURIAM.   The deceased was an employee before he was appointed secretary. After his appointment there was no change in his duties except " to sign minutes of meetings " and there was no change in his salary.   He was not a stockholder. Section 54, subdivision 6, of the Workmen's Compensation Law* applies only to *executive* officers of corporations.   Some significance must be given to the word " executive."   The officers indicated in the statute are such as have power to guide or control the policies or purposes of the corporation or to represent it in a proprietary sense.   This employee had no more executory power in reference to the corporation after he became secretary than he had before.   His office was purely nominal.   He might just as appropriately have been called a clerk or by some other name, as secretary.   It is not the designation under which one is known, but the nature of his duties which characterize him as an " executive " officer. We think this employee was not an executive officer within the meaning of the statute.   The award should be affirmed, with costs to the State Industrial Board. Cochrane, P. J., Van Kirk, Hinman, Davis and Whitmyer, JJ., concur.   Award affirmed, with costs to the State Industrial Board.

---

* Amd. by Laws of 1926, chap. 258.— [REP.