Argued June 30; reversed July 11; rehearing granted and former
opinion adhered to October 3, 1933

SMITH *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION

(23 P. (2d) 904, 25 P. (2d) 1119)

*Miles H. McKey,* of Salem, Assistant Attorney General (I. H. Van Winkle, Attorney General, and Victor R. Griggs, Assistant Attorney General, on the brief), for appellant.

*John W. Loder* and *D. C. Latourette,* both of Oregon City, and *Lyman E. Latourette,* of Portland, for respondent.

RAND, C. J. This is an appeal from a judgment of the circuit court for Clackamas county, which sets aside an order of the State Industrial Accident Commission and awards compensation to plaintiff under the Workmen's Compensation Act for injuries alleged to have been sustained while employed as a workman in the construction of a building.

The facts are wholly undisputed and the questions presented are purely questions of law. At the time of the injury, plaintiff was a member of a local organization known as Central Grange No. 276, and that organization was engaged in the construction of a Grange hall for the use of its members. It had employed one man as overseer of the work while most, if not all, of the balance of the labor in the construction of the building was being performed gratuitously by the members of the organization. Plaintiff had

verbally promised to donate one day's work for which he was to receive no money consideration nor any other benefit or advantage except such as he was to share in common with the other members. While so at work, he was injured.

■ Where one person promises to perform services for another, as did the plaintiff here, with the understanding that the services are to be performed gratuitously, the promise, until performed, is revocable and, when performed, it creates no legal obligation to pay therefor upon the part of the person for whom the services were performed. Such a promise does not constitute a contract but is a mere nudum pactum and creates no contractual liability upon the part of either. However, in certain cases legal obligations may arise from the negligent manner in which the promisor performs the promise. That question, however, is not before us.

■■ Under plaintiff's own testimony, there was no contract of hiring in the instant case. The Workmen's Compensation Act of this state deals only in cases where the relation of master and servant exists and there must be a contract of hire. As held in *Landberg v. State Industrial Accident Commission,* 107 Or. 498, 502 (215 P. 594):

"The relation that must exist to constitute one person an employer and another person a workman, under the compensation act, is the relation of master and servant, and this relation originates wholly in contract, although the contract may be either express or implied. There must be a contract of hire. The services which the servant contracts to perform are personal services, and the master must have the right to direct and control the details of the work and the manner and mode of its performance. The test of the con-

trol, which the employer has the right to exercise and to which the servant is subject, means complete control.''

Also, see *Vient v. State Industrial Accident Commission*, 123 Or. 334 (262 P. 250), where the same principle was approved.

It appears from the testimony that, after plaintiff sustained the injury complained of, Central Grange No. 276 contributed to the state industrial accident fund and included a small payment, presumably one cent, for the work done by plaintiff on the day he sustained the injury, and it is contended that the acceptance and receipt of said sum by the State Industrial Accident Commission constitutes an estoppel which entitles plaintiff to compensation under the act. There is no provision in the act under which plaintiff, under the circumstances stated, could become entitled to compensation. The fund created under the act, from its very nature as well as by express statutory direction, is a trust fund which can be paid out only in conformity with the provisions of the Act. The officers administering the fund are public officers of this state and those who deal with officers of the state are bound to know the extent of their authority. The state cannot be estopped by the unauthorized acts of its officers. Bigelow on Estoppel (6 Ed.) p. 372. While it is true, as contended for by plaintiff, that the findings of fact of the trial court, the case having been tried without a jury, are ordinarily binding upon this court upon an appeal in a law action, yet they are not binding when there is no substantial evidence to support them.

Under the evidence in this case, the judgment is not supported by the evidence and must be reversed. It is so ordered.

CAMPBELL, BEAN and BAILEY, JJ., concur.

Rehearing granted and former opinion adhered to October 3, 1933

## On Rehearing
### (25 P. (2d) 1119)

RAND, C. J.  Upon motion of respondent, this case has been reargued for the reason that on the first hearing, notice of the setting of the case for argument was inadvertently forwarded to other attorneys of the same name as those representing the respondent. That matter being presented to the court, this case has been reargued by attorneys representing all the parties to this litigation and is again before us for decision.

After carefully considering the case and the entire record, we are of the opinion that our former opinion correctly stated the law applicable to the particular facts of this case and, therefore, must be adhered to. The judgment, therefore, in conformity with our previous order, must be and is hereby reversed.

CAMPBELL, KELLY and BAILEY, JJ., concur.