Argued January 22; reversed February 4, 1936

# CARSON *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(54 P. (2d) 109)

*Walter T. McGuirk* and *Keith A. Caldwell,* both of Portland, for appellant.

*Miles H. McKey,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Victor R. Griggs, Assistant Attorney General, on the brief), for respondent.

BELT, J. The plaintiff appealed to the circuit court from an order of the State Industrial Accident Commission denying her claim for compensation on account of the death of her husband. The commission rejected the claim on the ground that Carson, at the time of his death, was an officer of a corporation and had never made application under the statute for compensation as a workman. On trial, at the conclusion of the evidence, the circuit court directed a verdict in favor of the defendant commission. The plaintiff widow appeals.

The record discloses the following fact situation: Carter A. Carson had been employed since 1924 as a common laborer by L. E. Miesen who was engaged in the fuel business in the city of Portland. Miesen, in December, 1933, decided to incorporate his business under the name of Miesen Fuel Company. To effect the incorporation it was necessary to have at least three stockholders. Carson consented to the use of his name as one of the incorporators. Concerning such matter, Miesen thus testified:

"Q. At the time you first used Mr. Carson's name, did he have any knowledge that you were using his name? A. He did not. That is, I told Mr. Hall I was going to use Mr. Carson's name as one of the directors, and then one morning when Mr. Carson came into the office, I said, 'Carter, I am going to use your name in this corporation I am incorporating, and I want to use your name.' I said, 'It won't cost you anything

and it will not benefit you in any way; you won't receive anything for it, but,' I said, 'I need to qualify, and I want to use your name', and he said, 'Well, if it don't cost me anything, why, it is all right.' "

Eighty shares of stock were issued, each of the par value of $100—78 shares to L. E. Miesen, one share to his wife and one share to Carson. However, Carson paid nothing for the stock and the certificate was never delivered to him. The corporation records show that Carson was elected secretary and director, although, as a matter of fact, no meeting of the stockholders or directors was ever held. Carson, however, signed the various papers and records of the meeting prepared by the attorney whom Miesen had employed to incorporate the business. Carson exercised no control over the business. His work was in the wood yard where he assisted other employees in loading trucks. He was paid $25 per week. Regular monthly remittances were made by the employer to the commission on the basis that Carson was a yard laborer. On January 12, 1935, while loading one of these trucks, a crane broke and caused a large box of wood to fall upon Carson, crushing him to death. It is conceded that his death resulted from injuries sustained in the course of his employment.

Under this state of the record, can it be said, as a matter of law, that Carson is an officer of a corporation within the meaning of the Workmen's Compensation Act and that his widow is precluded from recovering compensation? The able and conscientious trial judge was reluctant to direct a verdict but felt duty bound, under the statute, to do so. The question is new in this state and there is slight precedent for our guidance.

In many jurisdictions, when the question was not controlled by statute, the courts have held, under the "dual capacity" doctrine, that if an officer of a corporation at the time of his injury is performing manual labor as an ordinary workman, the Workmen's Compensation Act does not preclude the allowance of compensation. It is the nature and character of the work performed that controls rather than the title of the individual. In other words, it is possible for a person to be an officer of a corporation and still be an employee of the company within the meaning of the act. As stated in 71 C. J. 507:

"The majority of the cases adhere to what may be called the dual capacity doctrine; that is, that an officer, director, or stockholder of a corporation will not be denied compensation merely because he is such officer, director, or stockholder if, as a matter of fact, at the time of the injury he is engaged in performing manual labor or the ordinary duties of a workman and receives pay therefor in the capacity of an employee, or if he is engaged in an employment palpably separate and distinct from the official duties falling upon him as an officer of the corporation."

See numerous cases cited in support of the text.

The respondent commission, however, relies upon section 49-1816b, Oregon Code Supplement 1935 (§ 3, chapter 116, Oregon Laws 1933), which provides:

"Any person who is an individual employer, or a member of a firm, or an officer of a corporation, subject to this act as an employer, may make written application to the commission to become entitled as a workman to the compensation benefits thereof, and thereupon it shall be the duty of the commission to fix a rate of contribution and a monthly wage at which such person shall be carried on the pay roll as a workman. When said rate and wage are fixed such person may file a notice in writing with the commission of

his election to contribute to the industrial accident fund at the rate and upon the wage so fixed, and thereupon he shall be subject to the provisions and entitled to the benefits of this act. Any such person becoming entitled to the benefits of this act as a workman, as in this section provided, shall pay thirty cents (30c) per month as workmen's contribution and the employer shall contribute to the industrial accident fund at the rate and upon the wage so fixed, and shall be entitled to a reduction of such contribution, as provided by section 49-1830; provided, however, that if such person is injured while the employer is in default, after a written demand, as provided in section 49-1830, he shall not be entitled to receive any compensation whatsoever under this act, and such default shall automatically cancel the election of such person to become entitled as a workman to the benefits of this act. Any such person subject to this act as a workman may cancel such election by giving to the commission ten (10) days' written notice.

"An officer of a corporation shall not be deemed a workman of such corporation and entitled to the benefits of this act unless he complies with this section."

The precise question presented is whether Carson, at the time of receiving his fatal injuries, was an officer of the corporation within the meaning of the Workmen's Compensation Act, as it is conceded that he never elected to apply to the commission "to become entitled as a workman to the compensation benefits thereof".

█ Having in mind the fact that the Workmen's Compensation Act was passed for the benefit of the laboring class and that it should be liberally construed to the end that it may effectuate its purpose (*Stacey v. State Industrial Accident Commission*, 145 Or. 195 (26 P. (2d) 1092)), we believe it was never intended that an employee, being an officer of a corporation in

name only and having no voice in determining the policy of the company, should be precluded from receiving benefits under the act. An officer of a corporation, within the meaning of the act, should at least have some financial interest in the company and have a voice in its management. If the evidence offered on behalf of the plaintiff be given full credit, Carson was, to all intents and purposes, an ordinary workman, dependent upon his weekly wage for his livelihood. His status was the same after the organization of the corporation as it was before. Without receiving any consideration therefor and merely as an accommodation to his employer, Carson permitted his name to be used in the organization of the corporation in order to comply with the law. The title conferred upon him did not, of itself, change his status from a workman to an officer. What reason was there for Carson to apply to the commission to have his compensation fixed on the basis of a workman when he already was one with his compensation already fixed? At most he was only a "dummy" director. Miesen was the corporation. We must look to the substance and not to the mere form of the transaction. The corporate records are not conclusive of the matter.

We have found no case squarely in point, but *Small v. Gibbs Press, Inc.*, 222 App. Div. 699 (225 N. Y. S. 141), is closely analogous. The statute of New York, however, referred to an "executive" officer of a corporation, whereas the statute in this state includes all officers of a corporation. In the Gibbs case, the deceased was an employee before he was elected secretary of the company. The court held, however, that his office was purely nominal and said:

"It is not the designation under which one is known but the nature of his duties which characterizes him as

an 'executive' officer. We think this employee was not an executive officer within the meaning of the statute."

The claimant's contention was upheld.

We think it was error to direct a verdict, as an issue of fact was involved. The corporate records were not conclusive in determining the status of the decedent, Carson.

It follows that the judgment is reversed and the cause remanded.

CAMPBELL, C. J., and ROSSMAN and KELLY, JJ., concur.