In the Matter of the Claim of HELEN ROTH, Respondent, against CURTISS-WRIGHT CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award in favor of the claimant under the Workmen's Compensation Law. Claimant was employed in a factory of the Curtiss-Wright Corporation, and while so employed was struck in the left breast by a stringer. Cancer developed. There is a difference of medical opinion as to whether the blow caused the cancer. Only a question of fact is presented on this issue. Counsel for the carrier was not permitted to examine the physician for the carrier on the theory of traumatic cancer, after the referee had inquired into the matter. We think this was erroneous, but not serious enough under the circumstances to require a reversal. Award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of SADIE LEVEY, Respondent, against LEO NEWMAN'S THEATRE TICKET OFFICE, Respondent, and NEW AMSTERDAM CASUALTY Co., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from award of death benefits. The employee was titular president of the employer corporation. He owned no stock and his relation with the corporation was that of an employee. He could not waive his rights to compensation under section 32 of the Workmen's Compensation Law. (*Matter of Small* v. *Gibbs Press*, 222 App. Div. 699, affd. 248 N. Y. 513; *Matter of Goldman* v. *Ansonia Floor Covering Co.*, 255 App. Div. 736.) Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See *post*, p. 1005.]

In the Matter of the Claim of WILLIAM S. BUTLER, Respondent, against JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by a noninsured employer from a decision of the Workmen's Compensation Board in favor of claimant in the sum of $12 to reimburse him for medical expenses. Claimant was employed as an insurance agent. The employer was engaged in the life insurance business. On January 21, 1943, claimant, while collecting insurance premiums, parked his car in a parkway area within his debit in order to make a call on the company's business. When he returned he discovered that the car was stuck in the snow and while attempting to free it he sustained injuries as a result of which medical attention was necessary. The company admitted causal relation, notice and the fact that the claimant was engaged in the company's business at the time he was injured. It also concedes that claimant had authority to use his own automobile. At the time he was hired, claimant was informed by the employer that it was necessary for him to use a serviceable car in connection with his duties. The evidence sustains the finding of the board. (*Dispenza* v. *John Hancock Life Ins. Co.*, 238 App. Div. 885, leave to appeal to the Court of Appeals denied, 239 App. Div. 859.) Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See *post*, p. 1005.]