Argued October 26, 1953, reargued January 6, reversed January 27,
petition for rehearing denied February 24, 1954

# ALLEN *v.* STATE INDUSTRIAL ACCIDENT
# COMMISSION

265 P. 2d 1086

*Ray H. Lafky*, Assistant Attorney General, of Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, Roy K. Terry, Vernon D. Gleaves and Don Parker, of Salem, and T. Walter Gillard, of Portland, Assistant Attorneys General.

*James F. Bodie*, of Prineville, argued the cause for respondent. With him on the brief was Loren D. Hicks, of Turner.

LUSK, J.

Pauline R. Allen, widow of Carl Dean Allen, brought this action to recover benefits under the Workmen's Compensation Law on account of the accidental death of her husband. The plaintiff's claim was rejected by the defendant, State Industrial Accident Commission, on the ground that the decedent, an officer of a corporation subject to the Act, had not filed a personal notice of election to become entitled to the benefits of the Act

as required by OCLA § 102-1732 (ORS § 656.128). Thereupon the widow appealed by filing an action in the circuit court pursuant to statute. The defendant filed a demurrer to the second amended complaint, which was overruled by the court. The defendant refused to plead further, and judgment was entered for the plaintiff from which this appeal is taken. The sole questions are upon the construction of the statute above referred to and a claim of estoppel.

The second amended complaint alleges in substance the following facts: The decedent, Carl Dean Allen, was president of Gilbert & Allen Flowers, Inc., a corporation, and owner of half of its capital stock. As president of the corporation he received no remuneration, and as stockholder had never received any dividends. He was employed by the corporation pursuant to action taken at the first meeting of the stockholders and directors at a salary of $350.00 per month to perform the following duties: Have charge of all designing, retail flower sales, and the buying of all supplies in connection with these duties. In addition he did manual labor about the corporation's shop in Prineville, Oregon. The corporation had elected to become subject to the Workmen's Compensation Law for a nonhazardous occupation pursuant to OCLA § 102-1716, as amended (ORS 656.034, 656.036), and was so subject at the time of the death of Carl Dean Allen. It made the contributions to the accident fund on account of Allen and its other employees required by the commission pursuant to law. Each of the employees, including Allen, likewise made contributions to the fund as required by law.

On June 8, 1951, Allen sustained an accidental injury arising out of and in the course of his employment

while he was engaged in decorating a float with flowers for the Portland Rose Festival parade. The injury was cause by his inhaling poisonous fumes from the carbon tetrachloride solution of a spray used on the flowers, and as a result he died on June 12, 1951.

The plaintiff pleads an estoppel, which in substance is as follows: On or about April 1, 1952, G. M. De-Broekert, an agent of the State Industrial Accident Commission, informed Burr and Putnam, public accountants, who kept the books and made the reports for Gilbert & Allen Flowers, Inc., that the law required that corporate officers file an election to become subject to the Act; but that it was the policy of the commission to provide coverage for corporate officers of small corporations such as Gilbert & Allen Flowers, Inc., up to the time of the first audit, even though no such election had been filed, provided the required contributions to the accident fund had been paid. De-Broekert also exhibited to the accountants a letter from the commission instructing the agent that no refunds of contributions would be granted to the corporation, based on a claim that such officers were not covered by reason of failure to file an election, since it was the policy of the commission to consider such officers covered until the time of the first audit if the requisite contributions had been made. The plaintiff, the corporation, and the decedent relied on these representations, and the corporation and the decedent, in reliance thereon, continued to make contributions to the fund, and but for such representations the decedent would have filed his election at once to become entitled to the benefits of the Act.

The grounds of the demurrer were that plaintiff had "failed to set forth that her deceased husband was, at

the time of his death, a workman as defined by the Workmen's Compensation Law", and that her complaint fails "to show that deceased husband of plaintiff complied with the provisions of Sec. 102-1732, O.C.L.A."

It appears from the allegations of the second amended complaint that the deceased never filed an election to become entitled as a workman to the benefits of the Workmen's Compensation Law, and in our opinion the circuit court's ruling upon the demurrer was erroneous.

OCLA § 102-1732 (ORS 656.128), as amended by Oregon Laws 1947, ch 8, provides:

"Any person who is an individual employer, or a member of a firm, or an officer of a corporation, subject to this act as an employer, may make written application to the commission to become entitled as a workman to the compensation benefits thereof, and thereupon if, after investigation and examination of such applicant to determine the suitability of such applicant as an insurable risk, the commission finds him to be an insurable risk, it shall be the duty of the commission to accept such application and fix a rate of contribution and a monthly wage at which such person shall be carried on the payroll as a workman. When said application is accepted and said rate and wage are fixed such person may file the notice in writing with the commission of his election to contribute to the industrial accident fund at the rate and upon the wage so fixed, and thereupon he shall be subject to the provisions and entitled to the benefits of this act. The commission shall have the right, upon investigation and examination to determine insurability of the risk, to reject and/or cancel any application and/or election previously filed by any person under the terms of this section. The commission shall accept, reject

and/or cancel any applications and/or elections hereunder, by appropriate orders, to be served upon the persons making application in the manner provided for the making and serving of orders on claims in section 102-1773, O.C.L.A. No claim shall be allowed or paid hereunder, except upon corroborative evidence in addition to the evidence of the claimant. Any such person becoming entitled to the benefits of this act as a workman, as in this section provided, shall pay 30 cents per month as a workman's contribution and the employer shall contribute to the industrial accident fund at the rate and upon the wage so fixed, and shall be entitled to a reduction of such contribution, as provided by section 102-1742; provided, however, that if such person is injured while the employer is in default, after a written demand, as provided in section 102-1742, he shall not be entitled to receive any compensation whatsoever under this act, and such default shall automatically cancel the election of such person to become entitled as a workman to the benefits of this act. Any such person subject to this act as a workman as provided in this section may cancel such election by giving to the commission written notice, said cancelation to become effective at 12:00 o'clock midnight on the day of filing the notice with the commission.

"An officer of a corporation shall not be deemed a workman of such corporation and entitled to the benefits of this act unless he complies with this section."

OCLA § 102-1703 (ORS 656.002, 656.124) provides in part:

"The term 'employer', used in this act, shall be taken to mean any person, including receiver, administrator, executor or trustee, who shall contract for and secure the right to direct and control the services of any person, and the term 'workman' shall be taken to mean any person who shall engage

to furnish his or her services, subject to the direction and control of an employer.''

■ OCLA § 102-1732, as amended, applies to ''any person who is an individual employer, or a member of a firm, or an officer of a corporation, subject to this act as an employer''. It provides in substance that such person may, by complying with the provisions of the section, become entitled to the benefits of the Workmen's Compensation Act ''as a workman''. The final sentence of the section reads:

> ''An officer of a corporation shall not be deemed a workman of such corporation and entitled to the benefits of this act unless he complies with this section.''

The sentence is unambiguous. It applies to any officer of any corporation subject to the Act. The plaintiff would introduce into it an exception, that is, an officer of a corporation who is a workman within the definition given in OCLA § 102-1703. The provision contains no such exception, and, were we to yield to plaintiff's contention, we would not have construed the statute but in effect would have rewritten it. Our duty to construe the Workmen's Compensation Act liberally does not include the authority to alter it.

We think that the reason for the last provision, applicable only to an officer of a corporation, is this: An officer of a corporation, but for this provision, could also be a workman of such corporation as defined by OCLA § 102-1703 and entitled to the benefits of the Act. He could be ''a person who shall engage to furnish his or her services, subject to the direction and control of an employer'', because the officer and his corporation are separate legal entities. But this is not true of the other classes of persons included in the section.

One cannot be his own employee, whether he be an individual employer or a member of a partnership. 1 Larson, Workmen's Compensation Law 791 § 54.31. But, by complying with the provisions of the section, he may become a workman for the purposes of the Workmen's Compensation Act and entitled to its benefits. It was not, therefore, necessary to provide that an employer or a partner should not be deemed a workman unless he complies with the section, for he could not become a workman entitled to the benefits of the Act in any other way.

But since, as we have stated, an officer of a corporation may also be a workman, as that term is defined in the Act, and as such workman would be entitled to the benefits of the Act but for § 102-1732, as amended, the legislature, for reasons which it evidently considered sufficient, expressly provided that an officer of a corporation should not be deemed a workman of such corporation unless he complied with the section. The purpose to exclude such a person from the definition of workman in § 102-1703 and to make his status as workman dependent upon such compliance is clear. The decedent did not so comply and his widow, therefore, has no claim against the accident fund.

The only case in which this court has heretofore considered the construction of the statute is *Carson v. State Industrial Accident Commission*, 152 Or 455, 54 P2d 109. It was there decided that an employee of a corporation, who consented to become a director in order that the legal organization of the corporation might be effectuated, who owned no stock although one share was issued but never delivered to him, who was elected secretary but had no voice in determining the policy of the company, and was, as the court said "a

dummy director'', was not as a matter of law an officer of the corporation within the meaning of the statute. A judgment for the commission, based upon a directed verdict, was reversed. The court, in an opinion by Mr. Justice BELT, called attention to the so-called ''dual capacity'' rule under which the courts have held, in the absence of a controlling statute, that an officer of a corporation will not be denied compensation if he is in fact also an employee engaged in performing the ordinary duties of a workman at the time of the injury. The decision was not based upon these cases in view of our statute, but proceeds upon the assumption that the plaintiff's failure to comply with the statute would be a bar to his action were he an officer of the corporation within the intendment of the statute. This was held to be a question of fact, and the cause was remanded for further proceedings. The clear implication of the decision is opposed to plaintiff's contention.

Counsel for plaintiff, who both in their brief and in argument have presented their contentions with ability and thoroughness, rely on *Millers' Mut. Casualty Co. v. Hoover,* (Tex Civ App) 216 SW 475, affirmed 235 SW 863, in which a statute similar in terms to the last sentence of § 102-1732, as amended, was interpreted as not applicable to corporate officers who perform duties for the corporation such as to bring them within the statutory definition of ''employee''. But the Texas statute contains no requirement of personal election by the officers to become subject to the Act, and for that reason, regardless of the correctness of the decision, we think that the case is not in point.

In our judgment no officer of a corporation can become entitled to the benefits of the Workmen's Compensation Law unless he complies with the statute in question.

■■ As to the plea of estoppel, this court has held in unmistakable terms that the industrial accident fund is a trust fund, and that the state cannot be estopped by the unauthorized acts of its officers charged with administration of the fund. In *Rohde v. State Industrial Accident Commission*, 108 Or 426, 217 P 627, the court, speaking through Mr. Justice BURNETT, said with reference to statutes of other states which had been called to the attention of the court:

"Those precedents have no application to a statute like ours. While private parties such as those described in those enactments may waive their own rights, public officers cannot waive the rights of the people. In this instance the commissioners could not waive the filing of a valid application by the injured employee as a basis for disbursing public funds." p. 437.

Again it was said:

"At the argument, it was contended by the claimant's counsel that inasmuch as the so-called application formulated by the employer was taken into the custody of the commission and marked 'filed,' there resulted an estoppel preventing the commission from urging the insufficiency of the document as an application. As said by Mr. Justice McBride in Smith v. State Ind. Acc. Com., 104 Or. 640 (208 Pac. 746): 'The fund in the hands of the commission is trust money.' The commissioners are public officers charged with the administration of that trust fund under what is known as the Workmen's Compensation Act. This law was enacted under the police power of the state which is a governmental and not a proprietary function: Los Angeles Gas Co. v. Los Angeles, 241 Fed. 912. Neither the state nor any of the commissioners claims any proprietary or any individual interest in the fund. Commissioners function as any other public officers operating under state authority. The well-settled rule is that in all

governmental affairs as distinguished from mere proprietary matters, neither the state nor any of its officers acting in a governmental capacity is estopped by any act of any such officer.'' p. 438.

In *Smith v. State Industrial Accident Commission*, 144 Or 480, 483, 23 P2d 904, 25 P2d 1119, Justice RAND said for the court:

"* * * The fund created under the act, from its very nature as well as by express statutory direction, is a trust fund which can be paid out only in conformity with the provisions of the Act. The officers administering the fund are public officers of this state and those who deal with officers of the state are bound to know the extent of their authority. The state cannot be estopped by the unauthorized acts of its officers. Bigelow on Estoppel (6 Ed.) p. 372.''

The doctrine of these cases was again approved as recently as *Harris v. State Industrial Accident Commission*, 191 Or 254, 273, 230 P2d 175. The rule is a salutary one, and, regardless of decisions to the contrary in other jurisdictions, should not be repudiated or watered down by introducing exceptions which in the end would destroy it. Its application in a particular case, as possibly in this one, may result in hardship. But we are not, for that reason, at liberty to adopt a different rule which could lead to unauthorized and unlawful diversions of the state industrial accident fund.

It results that the judgment must be reversed and judgment entered for the defendant.

WARNER, J., dissenting.

I am of the opinion that the overall purpose of § 102-1732, OCLA (ORS 656.128) is to enable employers and officers of corporations who are not work-

men in fact to enjoy the beneficent privileges of the compensation law and that a corporation officer who has already achieved the status of a workman in fact does not need to qualify further under the provisions of that section as a "deemed workman".

In the instant matter the record reveals that Carl D. Allen, the decedent, had been regularly retained as a workman at a stipulated salary of $350 per month to perform services that were not incident but foreign to his work as a corporation officer. Payments had been made to the Commission predicated upon this workman relationship. We also learn from the record that his duties as a vice president and later as president of the corporation took less than one per cent of his time and that the rest of his time was employed as a workman in fact, hired by and subject to the direction and control of the corporation.

To require him to make a further application to come under the Workmen's Compensation Law would have been a vain gesture, accomplishing no more than previously done. To now deny its benefits to his dependents would, in my opinion, be a perversion of the clear legislative intent and would work a cruel and unjust hardship. It tends to the absurd to say that one who has previously qualified as a "workman" in fact should thereafter be required to implement procedures to be "deemed a workman".

ROSSMAN and TOOZE, JJ., join in this dissent.