Argued December 17, 1973, affirmed January 21, 1974

PREWITT, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 32574), *Respondent.*

517 P2d 1200

*Fred Allen,* Coos Bay, argued the cause and filed
the brief for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

This appeal presents the question of whether, under the Workmen's Compensation Law, a workman who suffers a hernia in the course of his employment and has it surgically repaired is restricted to the benefits provided by ORS 656.220, even though the surgery leaves him with a residual permanent disability. We agree with the Workmen's Compensation Board and the trial court that absent complications he is so restricted.

Claimant, a 64-year-old laborer, with little formal education, suffered a hernia in the course of his employment. He had suffered at least seven previous hernias and had undergone repair operations, including an operation for the injury involved here. The doctor who performed the surgery stated:

"* * * [T]he patient has a high risk in regard to further recurrent inguinal hernias * * *. It is my feeling that the patient should be considered for permanent disability for his recurrent inguinal hernia problem and it is my advice that the patient not return to his usual type of work because of his difficulty with recurrent inguinal hernias and because of his heart disease * * *."[1]

The claimant testified that he had not returned to his former work and that any substantial exertion

---

[1] The record indicates that the heart disease has no relationship to his employment.

produced soreness in the site of the hernia repair. The hearing officer held that claimant was entitled to compensation for permanent total disability. The Board reversed, holding that claimant was entitled only to the benefits authorized by ORS 656.220, and the circuit court affirmed the Board. The Board's order succinctly and correctly analyzes the situation, and we quote:

> "ORS 656.220 provides:
>
>> " 'A workman, entitled to compensation for hernia when operated upon, is entitled to receive under ORS 656.210, payment for temporary total disability for a period of not more than 60 days. If such workman refuses forthwith to submit to an operation, neither he nor his beneficiaries are entitled to any benefits whatsoever under ORS 656.001 to 656.794. However, in claims where the physician deems it inadvisable for the claimant to have an operation because of age or physical condition, the claimant shall receive an award of 10 degrees in full and final settlement of the claim.'
>
> "The Hearing Officer, in reaching his opinion, concluded:
>
>> " 'The general rule and better rule appears to be that all of the natural consequences of medical treatment in a workman's compensation case are compensable. This principle would not be attenuated by the fact that hernias are treated for some purposes as an exclusive and peculiar injury. The limitations imposed upon such are not applicable in a case such as this where there is consequential disability.'
>
> "Regardless of whether the general rule mentioned by the Hearing Officer is the better rule or not, we disagree with his conclusion that it applies to hernia cases. It is obvious that hernia benefits are to be determined by ORS 656.220 rather than the 'general rule,' otherwise there would be no need

for a special section dealing with this type of injury. Whether the statute is wise or just is for the legislature to determine.

"The plain intent of the quoted section of the law is not to grant compensation for hernias as in the ordinary case. The duty to construe the law liberally in favor of the workman gives neither the Hearing Officer or the Board authority to alter it. Allen v. SIAC, 200 Or 521, 265 P2d 1086 (1954).

"The only presently recognized basis for not applying ORS 656.220 to a hernia claim is the development of complications. Tucker v. SIAC, 216 Or 74, 337 P2d 979 (1959).[®] We think the meaning of 'complications' applicable to the Oregon law is well expressed in an Arkansas decision construing a statute similar to ORS 656.220 in that it requires the employer to provide surgery and time loss (26 weeks) but not permanent disability compensation. The case quotes from the opinion of the Arkansas Industrial Accident Commission which states:

" 'In construing the quoted section of the law, we have consistently held that the maximum 26 weeks duration period enumerated therein does not apply as a limitation where hernia results in complications. By "complications" we mean infection, or damage to bodily organs or structures separated and distinct from the hernia itself. Where the hernia alone, and its accompanying effects upon the fascia, disables an injured workman more than 26 weeks, he is not under our law, entitled to additional compensation. The very occurrance [sic] of hernia denotes a weakness of the fascia, and consequently we do not believe a weakened fascia gives rise to entitlement to benefits for permanent partial disability aside and apart from benefits paid for disability for the hernia itself.'

---

® In Tucker v. State Ind. Acc. Com., 216 Or 74, 337 P2d 979 (1959), the complication was a stroke caused by the operation to repair the hernia.

"Jobe v. Capitol Products Corp., 230 Ark 1, 320 S.W. 2nd 634 (1959).

"As we view the evidence in this case, claimant has not suffered a complication. The surgery Mr. Prewitt underwent closed the herniation. The repair apparently left him just as the physicians expected in a case of multiple preexisting hernias.

"This being the case, it appears that claimant's case is controlled by ORS 656.220 and his compensation is limited to the surgery and 60 days time loss which the Fund has already provided."

We add that the construction of ORS 656.220 adopted by the hearing officer and urged by claimant would make that statute internally inconsistent. It would be anomalous to interpret the statute as limiting a claimant to an award of 10 degrees when it is inadvisable to operate on that person because of age or physical condition, but as not limiting compensation to a person whose disability caused by hernia is alleviated, but not wholly eliminated by surgery. In effect, the legislature has determined that a hernia is a scheduled as distinguished from an unscheduled injury. Workmen who suffer scheduled injuries are restricted to the scheduled compensation. *Jones v. Compensation Department,* 250 Or 177, 441 P2d 242 (1968); *Kajundzich v. State Ind. Acc. Com.,* 164 Or 510, 102 P2d 924 (1940).

Affirmed.