ERZEN, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Petitioner,*
(No. 77-7730, CA 12922)

596 P2d 1004

Allen W. Lyons, Associate Counsel, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Noreen K. Saltveit, Portland, argued the cause for respondent. With her on the brief was Merten & Saltveit, Portland.

Before Schwab, Chief Judge, and Richardson, and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The State Accident Insurance Fund (SAIF) appeals the determination of the Workers' Compensation Board (Board) that claimant's injury is compensable. SAIF denied the claim on the ground that claimant was a corporate officer and the employer had not elected coverage for its corporate officers under ORS 656.039. The referee and the Board held claimant was entitled to benefits as a covered workman and ordered SAIF to accept the claim. The issue is whether an officer of a corporation who has not elected coverage under the Act may nevertheless receive benefits as a covered worker.

The employer, Citizen's Security Systems Association, Inc., is a close held corporation engaged in the business of providing private residential security patrols. Claimant began his employment with employer in May, 1976, as a patrolman. Two months later claimant purchased 22 percent of the corporate stock, his wife and mother-in-law each purchased 22 percent of the stock and the remaining stock is held by three other investors. Following the purchase of the stock claimant was elected president of the corporation and was designated the manager of the business. His duties as corporate president were limited to calling and presiding over board meetings. The board of directors had only one meeting at which claimant was elected president.

Claimant's duties as manager included hiring, firing and supervision of employees, supervision of the accounts and customer relations. In addition he would fill in for the company's security patrolmen in case of absence or emergency. He was injured in an automobile accident while filling in on a security patrol.

A representative of SAIF told claimant that he could be covered without filing the elective coverage notice (ORS 656.039) since he was an office worker and there would be no real advantage to his electing

coverage as a corporate officer. SAIF sent employer a letter on October 8, 1976, informing the corporation of the necessity of providing elective coverage for its corporate officers. No such election had been made prior to claimant's injury. Claimant was carried on the employer's payroll as an office manager and worker's compensation premiums were paid for claimant as a worker up to the time of his injury. Following denial of the claim SAIF refunded the premiums paid for claimant.

Claimant concedes he was a corporate officer and that no election for coverage as a corporate officer was filed. SAIF argues, because he had not filed the election for coverage he is not a subject worker entitled to benefits, citing *Allen v. State Ind. Acc. Com.*, 200 Or 521, 265 P2d 1086 (1954).

In *Allen*, claimant's deceased husband was the president of a small corporation engaged in operating a flower shop. His duties as president took about one percent of his time and the balance of his time he was engaged as a worker for the corporation in the flower shop. The corporation made worker's compensation contributions as a worker but did not file an election for him to be covered as a corporate officer. He was killed while working on a floral parade float.

The court held no bona fide officer of a corporation can be entitled to benefits under the Workers' Compensation Act unless it files an election for coverage as required by the Act. Claimant argued her husband should be covered even though an officer of the corporation because he was also a workman as defined in the Act. The court rejected this contention because it would in essence be an amendment of the Act creating an exception to the clear language of the statute. The statute applied by the court (former ORS 656.128) provided in part:

"(1) Any person who is an individual employer, or a member of a firm, *or an officer of a corporation*, subject to ORS 656.002 to 656.590 as an employer,

may make written application to the commission to become entitled as a workman to the compensation benefits thereof. * * *

"* * * * *

"(7) An officer of a corporation shall not be deemed a workman of such corporation and entitled to the benefits of ORS 656.002 to 656.590 unless he complies with this section." (Emphasis added.)

In a case decided prior to *Allen v. State Ind. Acc. Com., supra*, the Supreme Court discussed the dual capacity doctrine. *Carson v. State Indus. Acc. Comm.*, 152 Or 455, 54 P2d 109 (1936). The court said that under the dual capacity doctrine, in the absence of contrary statute, if an officer of a corporation at the time of his injury is performing labor as an ordinary workman the Workers' Compensation Act does not preclude the allowance of compensation. It is the nature and character of the work performed rather than the title of the individual that is controlling. The court, however, said the statute, Oregon Laws 1933, ch 116, § 3, p. 114, prohibited application of the dual capacity doctrine in Oregon. The statute read the same as former ORS 656.128 which was construed in *Allen v. State Ind. Acc. Com., supra*.

The court, in *Carson*, concluded that as a matter of law claimant's deceased husband was not a bona fide corporate officer and was not required to elect coverage as such in order to be covered as a subject workman. The discussion regarding the dual capacity doctrine must be considered dicta, but it formed the basis of a Workers' Compensation Board order interpreting ORS 656.027(7).

The Board order, adopted in 1966, provides:

"RE: ADMINISTRATIVE INTERPRETATION
CHAPTER 285, OREGON LAWS 1965,
SECTION 9 (8) OFFICERS OF
CORPORATIONS AS NONSUBJECT WORKMEN

"The Board, recognizing the Law is well established that a person under the dual capacity doctrine

may be an officer of a corporation and still be a workman of the corporation, declares as a matter of administrative interpretation that whenever a corporate officer is engaged in performing the ordinary duties of a workman and receives pay therefor in the capacity of a workman or whenever the officer is engaged in an employment palpably separate from the official duties falling upon him as an officer, the officer will be deemed a subject workman as to such non-corporate officer duties. The legislative classification of corporate officers as nonsubject workmen is limited to official duties as a corporate officer.

"Reference:  Carson v. SIAC, 152 Or 455, 458."

The referee and the Board relied upon this order in reversing SAIF's denial of the claim. SAIF argues the order is contrary to the *Allen* decision and ignores the clear wording of the statute. In addition, SAIF contends the Board's order of 1966 has been superseded by the decision of the Board in *Flyways, Inc. v. Workers' Comp. Bd.*, aff'd by this court, 33 Or App 233, 575 P2d 684 (1978).

In 1959 the statute construed in *Allen* was amended to delete the requirement that corporate officers file an election in order to be a covered workman under the Act. The holding of the *Allen* case was thus abrogated by the change in the statute. From 1959 until 1965 corporate officers were covered as subject workmen without the necessity of filing an election for coverage. In 1965, ORS 656.027 was added to the Act. It provides:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:
"* * * * *

"(7) Sole proprietors, partners and officers of corporations.
"* * * * * "

ORS 656.039, added in 1965, provides that nonsubject workers may be covered by filing an election and paying the required premium. Although ORS 656.027

[776]

and 656.039 contain different wording than the statute in effect at the time the *Allen* case was decided, the import is similar. A corporate officer, as a nonsubject worker is not covered under the Act unless an election is filed for specific coverage.

The term "officer of a corporation" is not defined in the Act. The term then must be interpreted in light of the general statutory plan to provide compensation to persons injured during the course of their employment. We have consistently given weight to the interpretation of statutes by the agencies responsible for their administration as long as the interpretation is not inconsistent with the legislative intent. The Board's interpretive order of 1966 defines the term officer of a corporation and we conclude that interpretation is not inconsistent with the legislative intent.

SAIF argues that the Board's order was superseded by the following language in the Board's opinion in *Flyways, Inc. v. Workers' Comp. Bd., supra:*

"* * * if the facts of the particular case preponderate that the individual is a bona fide corporate officer, then such corporate officer is not a subject workman within the meaning of ORS 656.027(7) and will not obtain workers' compensation insurance benefits unless the corporation has elected coverage for that individual. * * *"

We affirmed the Board's order by a per curiam opinion, citing *Carson v. State Indus. Acc. Comm., supra.* The sole issue in *Flyways* was whether the persons designated as corporate officers were bona fide officers under the test set out in *Carson.* Neither the opinion of the Board nor of the court constitutes a rejection of the Board's interpretion in the order of 1966.

It is clear from the evidence that claimant was a bona fide officer of the employing corporation. It is also clear that he was injured while performing duties as an ordinary employee not associated with his function as a corporate officer. Under the Board's

interpretive order he is entitled to coverage as a worker.

Affirmed.