Argued and submitted March 10, reversed and remanded for reconsideration
April 12, 1995

In the Matter of the Compensation of
Kevin D. Cox, Claimant.

SAIF CORPORATION
and Action Mill Work, Inc.,
*Petitioners,*

*v.*

Kevin D. COX,
*Respondent.*

(93-12345; CA A85496)

893 P2d 553

Michael O. Whitty, Special Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Anita C. Smith argued the cause for respondent. With her on the brief was Estell and Bewley.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Employer petitions for review of an order of the Workers' Compensation Board, which determined that, under the so-called "dual capacity doctrine," claimant was a subject worker entitled to compensation. We remand for the Board to determine whether claimant was a bona fide corporate officer and director with a substantial ownership interest in employer, at the time he was injured. ORS 656.027(9).

The Board adopted these findings by the referee:

"Claimant, 31 years of age at hearing, has worked for approximately 7 years at the premises where he was working on July 22, 1994 when he sustained a severe left hand injury. Originally, the employer was named Action Lumber, but in 1989 or 1990 the business entity was changed into a corporation bearing the name of Action Millwork Inc. Until that time claimant had worked at an hourly rate and had no authority in the employing entity. Following that time, claimant became a 'stockholder,' as did all employees, each of whom received a dividend by Action Lumber and then sustained a deduction of $200 from that dividend as payment for the individuals' stock certificates. Claimant also became an 'officer' of the new corporation. Seven employees of Action Lumber were listed as vice presidents and directors of Action Millwork Inc. Claimant attended four or five corporate board meetings, which originally were held once per month, but soon entirely ceased. The last such meeting was approximately two years ago. Claimant took no active part during the meeting, but, rather, merely sat there. Claimant has never received any distribution of corporate earnings. Claimant has no authority in management of the business – he simply takes orders from Rod Lucas, who is president of the corporation. Mr. Lucas has the authority to hire and fire, including the authority to fire claimant. * * * Non-officer employees continued to be covered by SAIF. Claimant understood that, as a corporate officer, he would not be covered by SAIF Corporation for any on-the-job injuries, but understood that he would be covered by another workers' compensation carrier. After the corporate change, he continued to work under the belief that he was still covered by workers' compensation insurance.

"Over the course of SAIF's dealings with the corporation, one or more corporate officers have expressly elected coverage, but claimant has never elected personal coverage, nor has that option ever been presented to him. At no time has

the premium assessed by SAIF against the employer reflected claimant's earnings as an employee.

"As a corporate 'shareholder' and 'officer,' claimant's job did not change at all, and he continued to operate the planer. His hourly rate of pay did not change.

"On July 22, 1993, claimant suffered a severe injury to his left hand while changing blades on the planer. He has not yet been released to return to work. Meanwhile, he has received no worker's compensation coverage but has received some compensation through a disability insurance program he personally obtained and paid for." (Footnote omitted.)

Employer's insurer, SAIF Corporation, denied coverage for claimant's hand injury, asserting that claimant, as a corporate officer and director, was a nonsubject worker under ORS 656.027(9), and that he was not covered by an election of coverage under ORS 656.039(1).[1] ORS 656.027(9) provides, in part:

"All workers are subject to this chapter except those nonsubject workers described in the following subsections:

"* * * * *

"(9)   Corporate officers who are directors of the corporation and who have a substantial ownership interest in the corporation * * *[.]"

Claimant disputed the denial of coverage on two grounds. First, ORS 656.027(9) was inapposite because claimant was not a bona fide corporate officer and director with a substantial ownership interest in the employer. Second, even if ORS 656.027(9) were otherwise applicable, claimant would still be entitled to compensation under the dual capacity doctrine. In *Erzen v. SAIF*, 40 Or App 771, 775, 596 P2d 1004, *rev den* 287 Or 507 (1979), this court summarized that doctrine:

"[U]nder the dual capacity doctrine, in the absence of contrary statute, if an officer of a corporation at the time of his injury is performing labor as an ordinary workman the Workers' Compensation Act does not preclude the allowance

---

[1] ORS 656.039(1) provides, in part:

"An employer of one or more persons defined as nonsubject workers or not defined as subject workers may elect to make them subject workers. If the employer is or becomes a carrier-insured employer, the election shall be made by filing written notice thereof with the insurer with a copy to the director."

of compensation. It is the nature and character of the work performed, rather than the title of the individual that is controlling."

In this case, neither the referee nor the Board addressed whether claimant was a bona fide corporate officer and director of employer. Instead, both relied on the Board's precedent *Kenneth G. Mize*, 49 Van Natta 477 (1993), *dismissed* 129 Or App 636, 879 P2d 907 (1994), in concluding that, under the dual capacity doctrine, claimant was a subject worker because he was performing the labor of an ordinary worker, and not a corporate officer, at the time he was injured. In *Mize*, the Board held that a 1990 amendment to ORS 656.027(9) had revived the dual capacity doctrine, which had been endorsed in *Erzen*, and which had been subsequently abrogated by a 1981 statutory amendment.[2]

On review, employer argues that the Board erred in relying on *Mize* because that case was wrongly decided. In particular, employer argues that the Board in *Mize* both misread *Erzen* and erroneously analyzed the text, context, and legislative history of the 1990 enactment of ORS 656.027(9). *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993).

---

[2] When *Erzen* was decided in 1979, the then-pertinent statute, ORS 656.027(7) (*since amended by* Or Laws 1981, ch 535, § 3; Or Laws 1983, ch 579, § 3; Or Laws 1989, ch 762, § 4) provided:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(7) Sole proprietors, partners and officers of corporations."

At that time, the Board had promulgated an "administrative interpretation" of the term "officers of corporations," which concluded that the statutory exception applied only to officers injured during the performance of their official duties as corporate officers. 40 Or App at 776. This court sustained that "dual capacity" interpretation as "not inconsistent with the legislative intent." 40 Or App at 777. Two years later, in 1981, the legislature repudiated the Board's interpretation and *Erzen* by enacting ORS 656.027(8), which excepted:

"A corporate officer who is also a director of the corporation and has a substantial ownership in the corporation, *regardless of the nature of the work performed by such officer*." Or Laws 1981, ch 535, § 3 (emphasis supplied).

In 1990, the legislature enacted the present ORS 656.027(9), Or Laws 1990, ch 2, § 4, which substantially revised ORS 656.027(8), adding new language and deleting the emphasized language inserted in 1981. In *Mize*, the Board pointed to the deletion of the emphasized language as evincing legislative intent to return to the pre-1981 dual capacity status quo.

■ We do not reach the merits of the parties' arguments regarding the dual capacity doctrine because the Board failed to determine a predicate issue: Was claimant a bona fide corporate officer and director with a substantial ownership interest in employer?[3] If he was not, any discussion of the dual capacity doctrine, including its applicability to ORS 656.027(9), would be gratuitous.

■ Under ORS 656.027(9), only bona fide corporate officers and directors are excepted from subject worker status. *See Carson v. State Indus. Acc. Comm.*, 152 Or 455, 459-60, 54 P2d 109 (1936) (construing Or Laws 1933, ch 116, § 3); *Erzen*, 40 Or App at 777-78 (construing ORS 656.027(7) (1979)). "Sham" officers and directors are not: "[I]t was never intended that an employee, being an officer of a corporation in name only and having no voice in determining the policy of the company, should be precluded from receiving benefits under the Act." *Carson*, 152 Or at 459-60. Thus, regardless of the applicability of the dual capacity doctrine, employer cannot prevail, even under its own analysis, unless claimant was a bona fide, rather than a sham, officer and director. Until that predicate is established, any consideration of the dual capacity doctrine is unwarranted. *See Erzen*, 40 Or App at 777-78 (dual capacity doctrine applies only to bona fide officers and directors).

We conclude, accordingly, that review of the Board's dual capacity analysis would be premature until the Board determines whether claimant was, in fact, a bona fide corporate officer and director, with a substantial ownership interest in employer.

Reversed and remanded for reconsideration.

---

[3] The parties agree that the Board did not decide that issue.