Argued February 20, reversed May 1, 1923.

# ANDERSON *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

(215 Pac. 582.)

**Master and Servant—Finding of Fact in Compensation Case Conclusive if There is Any Competent Evidence.**

1. The court's finding of facts in a workmen's compensation case tried without a jury is deemed a verdict (Section 159, Or. L.), which cannot be questioned on appeal if there is any competent evidence to sustain it.

**Master and Servant—One Under Contract to Do Grading Work on Railroad Held an "Independent Contractor" and not a "Workman" Within Compensation Act.**

·  2. One who with his associates performed grading work on a railroad according to specifications under a written contract pro-

---

2. Who is independent contractor under Workmen's Compensation Act, see notes in 19 **Ann. Cas.** 3; **Ann. Cas.** 1913B, 573; **Ann. Cas.** 1916D, 222; **Ann. Cas.** 1918C, 627, 663, 669, 672.

viding for payment at a stated rate per station on completion of
the whole, without any control as to method of doing the work or
as to the employment or discharge of other workmen, *held* an "in-
dependent contractor," and not "a workman," within Workmen's
Compensation Act, Sections 6616, 6619, Or. L., the term "workman"
being defined in the statute as one engaging to furnish services sub-
ject to the control of the employer, which implies a relation of
employer and employee created by a contract of employment.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.                                   REVERSED.

For appellant there was a brief over the names of
*Mr. I. H. Van Winkle,* Attorney General, and *Mr.
James West,* Assistant Attorney General.

For respondent there was a brief over the names
of *Mr. B. A. Green* and *Messrs. McGuirk & Schneider,*
with oral arguments by *Mr. Green* and *Mr. W. T. Mc-
Guirk.*

RAND, J.—This is an action brought by John
Anderson against the State Industrial Accident Com-
mission. Anderson, while actually engaged in the
performance of work, that he and seven others had
jointly contracted to do, sustained an injury, which
injury, it is stipulated, resulted in an 80 per cent
permanent partial disability and loss of function of
his right eye.

He presented a claim for compensation to the
State Industrial Accident Commission, but the com-
mission rejected his claim upon the ground that, at
the time of the accident, he was not a workman within
the meaning of the Workmen's Compensation Act,
but an independent contractor, and therefore not
entitled to compensation as a workman under the act.
The commission also held, in effect, that although
an employer injured while engaged in work for him-

self can, by compliance with the requirements of the act, become entitled to compensation as a workman, yet, as he had not complied with these requirements, he was not entitled to compensation as an employer, and hence was not entitled to compensation under the act, either as a workman or as an employer.

Anderson appealed from this decision to the Circuit Court, where the cause was tried by the court without the intervention of a jury. In effect, the court found that at the time of the accident Anderson was not an independent contractor, but was an employee of the Koster Products Company and was injured at a time when the relation of master and servant existed between him and that company. Based upon this and other findings, a judgment was entered which, among other things, directed the commission to fix and pay such compensation as is provided by statute for an 80 per cent permanent partial disability and loss of function of an eye. Upon appeal to this court, the commission contends that there was no evidence to sustain said finding, and that the judgment must therefore be reversed.

1. When an action is tried by the court without the intervention of a jury, the finding of the court upon the facts shall be deemed a verdict: Section 159, Or. L. The finding referred to is more in the nature of a conclusion of law than a finding of fact, but we shall treat it as a finding of fact and not a conclusion of law and give to it the force and effect of a verdict which cannot be questioned upon this appeal if there is any competent evidence in the record sufficient to sustain it. Hence, whether there was any such competent evidence offered and produced upon the trial presents the principal question that we are called upon to decide.

2. The Workmen's Compensation Act provides for the payment of compensation to every workman subject to the act, while employed by an employer subject to the act, who sustains personal injury by accident arising out of and in the course of his employment and resulting in his disability: Section 6616, Or. L.

Under Section 6619 of the act, provision is made for the payment of compensation to two classes of workmen. The first class of workmen entitled to compensation is the class coming within the following provision:

"The term 'employer' used in this act, shall be taken to mean any person * * that shall contract for and secure the right to direct and control the services of any person, and the term 'workman' shall be taken to mean any person, male or female, who shall engage to furnish his or her services, subject to the direction or control of an employer."

The second class of workmen entitled to compensation is that provided for in a subdivision of Section 6619, entitled "Compensation of Employer." This subdivision provides that an employer, in any of the occupations defined by the act as hazardous,

"may make written application to the commission to become entitled as a workman to the compensation benefits thereof, and thereupon, it shall be the duty of the commission to fix a rate of contribution and a monthly wage at which such person shall be carried on the payroll as a workman. When said rate and wage are fixed, such person may file a notice in writing with the commission of his election to contribute to the industrial accident fund at the rate and upon the wage so fixed, and thereupon shall be subject to the provisions and entitled to the benefits of the act." Upon becoming entitled to the benefits of the act "he shall contribute to the industrial ac-

cident fund at the rate and upon the wage so fixed,'' and if ''injured while in default for payments prescribed herein he shall not be entitled to receive any compensation whatsoever under this act.''

To entitle an employer as a workman to receive compensation under these provisions, it is necessary for him to make written application to the commission therefor, and thereupon it becomes the duty of the commission to fix the rate of contribution and the monthly wage at which the employer shall be carried on the payroll as a workman, and when the rate and wage is so fixed by the commission, the applicant must file with the commission a notice in writing of his election to contribute to the industrial accident fund at the rate and upon the wage so fixed, and thereupon, and not before, he becomes subject to the provisions of the act, and in case he sustains an injury, is entitled to receive its benefits, so long as he is not in default in making the required payments. This is the only provision contained in the act which authorizes or permits an employer to receive compensation for injuries sustained by him while engaged in the performance of work.

It is admitted that the plaintiff, as an employer, did nothing to bring himself within these latter provisions. Hence, whether the plaintiff became entitled, when injured, to compensation under the act, depends wholly upon whether or not he came within the meaning of the word ''workman'' as defined by the statute; that is to say, was he a person who engaged to furnish his services subject to the direction or control of an employer?

In deciding this question we must look to plaintiff's testimony and to that of his witnesses alone, because

the State Industrial Accident Commission did not offer or produce any evidence in its own behalf, and the record discloses that no evidence was offered on the trial except that given on behalf of the plaintiff. Nor is there any admission of any fact to be found in any pleadings of the defendant, because, owing to what appears to be a defect or omission in the provisions of the workmen's compensation act, the trial of claims for compensation is had without either party being required to prepare or file any pleadings. The attorney for the commission stipulated as to the extent of plaintiff's injury, but in his stipulation and throughout the trial he contended that the plaintiff, at the time of the injury, was not a workman within the meaning of the act, but was an independent contractor.

Plaintiff's own testimony established that he, together with seven others, entered into a written contract with the Koster Products Company, which, omitting the signatures thereto, reads as follows:

"We, the undersigned, agree to do all of the work of grading between station 3/00 and 15/25 on a spur beginning at 'A' 55/03.7 on the main line into Sec. 24, and we further agree to complete said work in about two months.

"We agree to accept payment for the above-mentioned work in accordance with the scale mentioned in the following paragraphs, the estimates of quantities furnished by the Koster Products Company's engineer to be final. We agree to do all the work according to the specifications which are a part of this contract. Payment to be as follows: Thirty-five dollars ($35) per station, this to include all of the work of clearing off such brush and debris as may be left after the line has been chunked out and grading the roadbed. The grading under this clause to include all of that portion up to the equivalent of

a one and one-half (1½) level cut or fill. All material moved over and above this 1½ foot cut or fill to be paid for at the rate of fifty cents per cubic yard regardless of class of material. No material to be paid for more than once.

"The Koster Products Company will furnish all tools required for the work. We, the contractors, agree to pay cost prices for all powder, caps and fuse used and also to pay cost prices for all tools lost or destroyed.

"Payment in full will be made on completion of the work to the approval of the engineer.

"The grading specifications of the contract signed by the undersigned on October 17, 1921, are to be a part of this contract, except that the width of the roadbed shall be 10 feet in cuts and 12 feet in fills."

The specifications referred to in said contract, among other things, contain provisions requiring that no material should be wasted without first having the approval of the engineer, and that all material should be placed where directed by the engineer, and that the engineer's decision at all times should be final.

By his testimony the plaintiff admits the execution of this written contract and that he was injured while actually engaged in doing the particular work he had expressly contracted to do. Under this contract plaintiff, and those jointly contracting with him, contracted to do a specified piece of work to be paid for at the rate of thirty-five dollars per station upon the completion of the whole. The contract itself does not provide the method that they shall follow in doing the work, but leaves them free to select their own method and manner of doing the work, nor does it make them subject to the control of the company except as to the result of their work. In carrying out their contract they had the right to

do the work themselves or to select, employ and control the actions of others employed by them to do the work and to discharge the parties so employed at any time and to fix the amount of their wages. While engaged in the performance of the work contracted for, the Koster Products Company could not discharge plaintiff or his associates, nor could that company employ any person to do the work for them, nor discharge any person employed by them, and, without being answerable to them for breach of contract, the company could not prevent them from performing the work according to the terms of their contract.

Hence, it follows that in the doing of the work under this contract, if it was done under the contract, the relation of plaintiff and his associates to the company was that of independent contractors exercising an independent employment under their own entire direction and control as to the method and manner in which the work should be done, and answerable only to the company for the result of the work: See *Scales* v. *First State Bank,* 88 Or. 490 (172 Pac. 499); *MacDonald* v. *O'Reilly,* 45 Or. 589 (78 Pac. 753); *Fetting* v. *Winch,* 54 Or. 600 (104 Pac. 722, 21 Ann. Cas. 352, 38 L. R. A. (N. S.) 379); *Slade* v. *Utah Construction Co.,* 57 Or. 525 (112 Pac. 433); *Oregon Fisheries Co.* v. *Elmore Packing Co.,* 69 Or. 340 (138 Pac. 862).

Plaintiff was the moving party in these proceedings, and the burden of proof rested with him to establish that at the time of the injury he came within the statutory definition of a workman, entitling him to compensation under the act. The statute above referred to defines what constitutes an employer and a workman. In a general sense the word "work-

man'' as used in the act is synonymous with the word ''employee'' and means, as stated in the statute, ''any person, male or female, who shall engage to furnish his or her services, subject to the direction or control of an employer.'' This implies a legal conception entirely different from that of an independent contractor. To be a workman within the meaning of the statute there must be an employer, and this employer must contract for and secure the right to direct and control the services of the workman, while the workman himself must engage to furnish his services subject to the direction or control of the employer. To create this relation there must be a contract of employment, either express or implied, and if, at the time of the injury, there was any contract between the plaintiff and the Koster Products Company, except the written contract, the burden of proving the existence of such contract rested with the plaintiff.

While it is true that this written contract could have been modified, abrogated or discharged by the voluntary agreement of the parties or by the making of a new contract, yet, if it was terminated or rescinded by them or in any way modified or changed, or a new contract of employment was entered into, that matter was wholly within the knowledge of the plaintiff and of the manager of the Koster Products Company, who was called and testified as a witness for plaintiff, and neither of them testified to anything that in any way tended to show that the written contract was ever modified or terminated or that any new contract was ever entered into between the parties. On the contrary, the testimony of the manager shows that the plaintiff and his associates completely performed their contract, and that the

lump sum, contracted to be paid for complete performance of the contract, was paid to the contractors according to the terms of the written contract.

The written contract on its face was valid and enforceable, and by its terms created a contractual relation between the plaintiff and the Koster Products Company as to the performance of the particular work contracted for. This contractual relation having been established by proof, the law will presume to continue to exist until the contrary is shown.

The plaintiff was injured while engaged in the performance of the work so contracted for, and whether he was working under this contract or some other contract was peculiarly within the knowledge of the plaintiff and of the Koster Products Company. To entitle the plaintiff to compensation for the injury he was bound to establish that at the time of the injury he was performing work under some contract of employment, and to establish this fact, he was bound to show the terms of his contract in order to bring himself within the statutory definition of a workman. As he was bound to establish a contract of employment, the burden of proof was on him to show whether he was working under this contract or some other contract. Hence, in the absence of proof tending to show that a different contract was subsequently entered into between the parties, the law will presume that the particular work provided for by the contract, when shown to have been performed by the plaintiff, was performed under the written contract. Particularly is this so because in this case it was established that the lump sum stipulated to be paid by the Koster Products Company for complete performance of the contract was paid to the plaintiff and to the other

contracting parties in the proportion that the number of days that each worked bore to the total number of days that all worked.

From this it follows that the plaintiff, at the time of the injury, was not an employee of the Koster Products Company, but was engaged in the performance of his contract as an independent contractor, and for that reason is not entitled to compensation under the Workmen's Compensation Act, and, as there was no evidence to sustain the finding of the lower court that the plaintiff, at the time of the injury, was an employee and not an independent contractor, the judgment will be reversed.

REVERSED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.