## SILAS S. VIENT v. STATE INDUSTRIAL ACCIDENT COMMISSION.

(262 Pac. 250.)

**Master and Servant—Compensation Claimant has Burden of Establishing Relation (Workmen's Compensation Act).**

1. Burden of proof is on one seeking compensation, under Workmen's Compensation Act (Or. L., § 6605 et seq.), to prove that he was an employee, and not an independent contractor.

**Master and Servant—Lather Held "Independent Contractor" and not Employee of Building Contractors.**

2. Lather, who was not employed by contractors constructing house, all negotiations having been carried on by lather's brother, and there being no contract of hire, *held* an "independent contractor," and not an employee entitled to compensation, under the Compensation Act (Or. L., § 6605 et seq.), for injuries received while working on such house, and hence verdict for Industrial Commission should have been directed.

---

Workmen's Compensation Acts, **C. J.,** p. 7, n. 29, p. 50, n. 62, 63, p. 115, n. 23, p. 122, n. 40.

From Multnomah: GEORGE ROSSMAN, Judge.

Department 1.

REVERSED.

For appellant there was a brief over the name of *Mr. I. H. Van Winkle*, Attorney General, with an oral

---

2. Who are independent contractors, see note in 76 **Am. St. Rep.** 382. Independent contractors, subcontractors and their employees, see notes in **L. R. A.** 1916A, 116, 247; **L. R. A.** 1917D, 148; **L. R. A.** 1918F, 206. See, also, 28 **R. C. L.** 762. Liability of property owner for injury to workman engaged in building or repairing structure as affected by distinction between employee and independent contractor, see note in 15 **A. L. R.** 742.

argument by *Mr. Miles H. McKey,* Assistant Attorney General.

For respondent there was a brief over the name of *Messrs. Lord & Moulton.*

BELT, J.—The plaintiff, Silas S. Vient, filed application with the State Industrial Accident Commission for compensation on account of an injury sustained while in the employment of Kallander and Kallastrum, contractors and builders. The claim was rejected for the reason that the plaintiff was not an employee but was an independent contractor. On appeal to the Circuit Court the cause was submitted to a jury and, in response to the question, "Was the plaintiff, Silas S. Vient, the employee of Kallander & Kallastrum on October 20, 1924, at the time of the occurrence of the accidental injuries?" answered, "Yes." Based on the special findings of fact, judgment was entered vacating the order of the Commission and remanding the cause with direction to award compensation. The Commission appeals.

1, 2. The sole question is whether there is any evidence to support the finding of the jury that plaintiff at the time of his injury was an employee of Kallander & Kallastrum. Did the relation of master and servant exist? Did Kallander & Kallastrum have the right to exercise complete control over when and in what manner plaintiff should perform his work? In the well-considered case of *Landberg* v. *State Industrial Acc. Com.,* 107 Or. 498 (215 Pac. 594), the court, speaking through Mr. Justice RAND, said:

"The relation that must exist to constitute one person an employer and another person a workman,

under the compensation act, is the relation of master and servant, and this relation originates wholly in contract, although the contract may be either express or implied. There must be a contract of hire. The services which the servant contracts to perform are personal services, and the master must have the right to direct and control the details of the work and the manner and mode of its performance."

In the same case the following definition of an independent contractor was approved:

"An independent contractor is one who, generally exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work."

What constitutes an employee and an independent contractor is also discussed in *Anderson* v. *State Industrial Acc. Com.*, 107 Or. 304 (215 Pac. 582); *Streby* v. *State Industrial Acc. Com.*, 107 Or. 314 (215 Pac. 586); *Van Koten* v. *State Industrial Acc. Com.*, 110 Or. 574 (223 Pac. 945). In the light of the law thus declared, let us examine the record.

Kallander & Kallastrum, as general contractors and builders, were engaged in the work of constructing a house on Kings Heights, in the City of Portland. The plaintiff and his two brothers, George and Alec Vient, were experienced lathers. Alec called on Mr. Kallastrum to obtain work and, according to his testimony, entered into an agreement, after considerable negotiation as to price, that he would do the wire lathing at 12 cents per cubic yard, but with the guarantee that such would amount to wages of $4 per day. He also testified that Kallander & Kallastrum were to "superintend the work, look after it and see that it was done right. If it was not done right any of the men was to be fired off of the job."

In response to the question, ''Did he know how many men were going to be employed?'' he answered:

''He knew for sure there were going to be three of us, because I told him I would have to consult my two brothers before we would take that work, because they were in with me, we had been working together for years, and I didn't have the whole say.''

There is also evidence, although contradicted, that Kallastrum exercised supervision over the manner in which the work was done. The defendant introduced evidence strongly supporting its theory. Kallastrum testified that Alec Vient was given the contract to do wire lathing at 12 cents per cubic yard and that no agreement was made guaranteeing wages in any amount. He says that no supervision was exercised over the job. He was interested in results.

Plaintiff does not claim to have had any conversation with Kallander or Kallastrum concerning the matter of employment, but says that all negotiations were carried on by his brother Alec. Kallastrum testified positively that he never employed the plaintiff and there is no contradiction of his testimony. There was no contract to hire. It follows that the relationship of master and servant was not created: *Anderson* v. *State Industrial Acc. Com., supra; Landberg* v. *State Industrial Acc. Com., supra.*

The work was actually performed by the Vient brothers and two other lathers whom they had obtained. Upon completion of the work, which lasted only about two and one-half days, full payment, on the basis of 12 cents per cubic yard was made to George and Alec. No dealing was had with the plaintiff. The conduct of the parties is utterly inconsistent with the contention that these five men were all employees. If Kallander & Kallastrum had

employed the plaintiff, is it not reasonable that they should have paid him when the work was finished? If the plaintiff was an employee, the two men obtained by the Vient brothers were employees. Yet they were not paid by Kallander & Kallastrum, nor were they hired by them. There is no evidence that the general contractors kept a book account of what amount of work each of these five alleged employees performed. Nor did the plaintiff introduce evidence of any book account. Certainly these five men did not do exactly the same amount of work. Plaintiff's theory does not stand the acid test of reason.

The burden of proof is upon plaintiff to establish his cause. The finding of the Commission should be entitled to some respect and consideration. The Workmen's Compensation fund must be protected from such unwarranted and unjust claims.

After a consideration of the entire transcript of testimony, the only reasonable conclusion that we can reach is that the Vient brothers were independent contractors. The motion for a directed verdict should have been allowed.

It follows that the judgment of the lower court is reversed.    REVERSED.

RAND, C. J., and COSHOW and McBRIDE, JJ., concur.