Argued September 16; affirmed December 20, 1932

REYNOLDS *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION

(16 P. (2d) 1105)

*Miles H. McKey,* Assistant Attorney General (I. H.
Van Winkle, Attorney General, on the brief), for
appellant.

*Mark V. Weatherford,* of Albany (Weatherford &
Wyatt, of Albany, on the brief), for respondent.

BEAN, C. J. This is an appeal by the State In-
dustrial Accident Commission from a judgment allow-
ing the respondent Charles T. Reynolds compensation
under the Workmen's Compensation Act.

The circumstances of the case are substantially as follows: In April, 1930, Charles T. Reynolds was employed by the Valley Mills Company in Benton county to drive a logging team and he continued the work until October 21, 1930. His wife owned a team of horses suitable for logging purposes, which was in the vicinity of Grants Pass, Oregon. J. E. McCoy, the manager of the Valley Mills Company, had a discussion with Mr. Reynolds relative to the company hiring Mrs. Reynolds' team. On October 20, 1930, Mr. McCoy, the manager, as shown by the testimony, came to the plaintiff and stated, as testified to by Reynolds:

"A. Well, he asked me when I was going to go get that team. I told him that I couldn't go get them, that I wasn't able to. Well, then, oh—about the same time or a day or two later he come to me and asked me if I was going to get them, and I told him I had no way of getting them, and he said he thought he could fix that, and the next morning he brought me out this check.

"Q. For how much?

"A. Sixty dollars.

"Q. What did he say when he handed you the check?

"A. He told me to get a truck and go get them."

J. E. McCoy testified, in part, as follows:

"Q. Now on the day that, the day before, say two days before he went, isn't it true that you come to him and told him to go get his team, that you weren't getting enough logs in?

"A. Yes, I told him two or three days before to get the team we was about ready to put them on.

\*　　　\*　　　\*　　　\*　　　\*　　　\*

"A. We wanted the other team because we was about done trucking, the weather was such we was unable to truck, the ground was wet.

\*　　　\*　　　\*　　　\*　　　\*　　　\*

"Q. And you were interested and desired, your company did, to get that Mr. Reynolds team there on the job as quick as possible weren't you?

"A. Yes, we wanted his team."

October 21, Mr. Reynolds left the Valley Mills Company and went to southern Oregon to get the team to bring it to Benton county. On the way back the truck turned over and the horses were entangled with the truck and rigging connected therewith. Reynolds was engaged in extricating the horses from the wreck when he was struck by a passing automobile and seriously maimed and injured.

It is contended on behalf of the appellant that the court erred in denying appellant's motion for a directed verdict, based on the ground that the evidence shows that the accidental injury received by Reynolds on October 23, 1930, did not arise either out of or in the course of his employment with the Valley Mills.

We agree with counsel for the commission that to have been an employee of the Valley Mills Company, while assisting in the transportation of Mrs. Reynolds' horses, it is necessary that Mr. Reynolds was working subject to the complete direction and control of the Valley Mills Company. Citing section 49-1817, Oregon Code 1930; *Vient v. State Industrial Accident Commission,* 123 Or. 334 (262 P. 250), and several other cases.

The testimony tended to show that the company's manager desired to get the team of horses to be used by the company about the time the fall rains commenced and directed plaintiff to get them. It was as much a service by the plaintiff for his employer as it was while he was driving a team in the immediate vicinity of the company's mill. He was under the com-

plete control of the company when they directed him to go and get the horses. It was not necessary that the manager should be present with him all of the time while he was making the trip, but nevertheless he was under the complete control and direction of the Valley Mills Company. He was carrying out their directions and was on a mission in the interest of the company.

The Valley Mills Company and its servant, Charles T. Reynolds, were both under the Workmen's Compensation Law. The fact that the team was engaged from the wife of plaintiff would not change the status of Reynolds as an employee of the mill company. Charles T. Reynolds, the employee of the mill company, was engaged in an industrial employment. He was directed by his superintendent to leave the present duty which he was performing and proceed away from the plant in the performance of another duty on a mission in which his employer had an interest. The status of employer and employee continued and while performing the designated mission the employee was accidentally injured. Such an accident is one "arising out of and in the course of his employment," and compensation should be allowed. Section 49-1814, Oregon Code 1930; *Lamm v. Silver Falls Timber Co.,* 133 Or. 468 (277 P. 91, 286 P. 527, 291 P. 375); *Varrelman v. Flora Logging Co.,* 133 Or. 541 (277 P. 97, 286 P. 541, 290 P. 751), and cases there cited.

There was testimony in the case tending to support the claim of the employee, and the motion for a directed verdict was properly denied.

When the manager of the employer directed Reynolds to go and get the team, which had been hired, it was immaterial whether it belonged to the company or whether it belonged to another. The same principle

would apply. It often happens that when one is employed in logging operations or in a manufacturing establishment an employee is sent to another place to perform a mission for the employer, and under their contract it is the duty of the employee to fulfill the order of his employer and while carrying it out in good faith he is engaged in the scope of his employment, and if he is injured while so doing it must be held that the accident and injury arose out of and in the course of his employment.

The appellant takes exceptions to the instructions of the court. The court instructed the jury, in effect, that it was immaterial whether in the hiring of the team to the company the plaintiff acted as an agent of his wife. This instruction was correct. The question for determination is whether he was acting in behalf of the company in bringing or taking the team from Grants Pass to Benton county. That feature of the case, while not in the exact language requested by appellant, was presented to the jury by the court's instruction in the following words: "if he (Reynolds) was ordered, while in the employ of the corporation, by a superintendent of the corporation, to go and get that team, and the team was to be worked in the camp for the corporation and while getting the team he was injured, he would be entitled to compensation." The instruction is not erroneous.

We find no reversible error. The judgment of the circuit court should be affirmed. It is so ordered.

BROWN, CAMPBELL and ROSSMAN, JJ., concur.