Argued April 27, remanded June 4, petition for rehearing
denied July 21, 1970, petition for review denied by
Supreme Court October 13, 1970

OREMUS, *Claimant, v.* OREGONIAN PUBLISHING
COMPANY ET AL, *Respondents,* LEIBRAND,
*Appellant.*
470 P2d 162

*Scott M. Kelley*, Portland, argued the cause for appellant. On the briefs were Mize, Kriesien, Fewless, Cheney & Kelley, Portland.

*Thomas M. Triplett*, Portland, argued the cause for respondents. With him on the brief were Wayne A. Williamson, Robert E. Joseph and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before LANGTRY, Presiding Judge, and FOLEY and BRANCHFIELD, Judges.

FOLEY, J.

Claimant Daniel Oremus, 12, was a Junior newspaper dealer under a contract with defendant Leibrand. The contract was terminated on January 31, 1967, as to the delivery of papers, but Oremus had not made final collections from his customers, so on February 4, 1967, he phoned Leibrand requesting him to return his collection book. Leibrand responded to this call, and as he was waiting in a left turn lane to turn into a driveway where Oremus was waiting on the

curb, Oremus stepped into the street and was struck and seriously injured by an automobile coming from the opposite direction.

Leibrand had a dealership franchise agreement with defendant Oregonian Publishing Company. Daniel Oremus claimed he was an employe of either or both Leibrand and Oregonian Publishing Company for purposes of workmen's compensation. The hearing officer found that he was employed by neither. The Workmen's Compensation Board reversed the hearing officer and found that Oremus was an employe of Leibrand at the time he was injured. It made no decision in regard to Oregonian Publishing Company, stating:

"* * * Whether Daniel [Oremus] was also a workman of the Oregonian Publishing Company is not necessary to be now decided * * *."

Defendant Leibrand appealed to the circuit court, requesting, among other things, that the responsibility of the Oregonian Publishing Company for contributions for compensation for claimant Oremus be determined. Oremus cross-appealed requesting that the Oregonian Publishing Company be found to be his employer. The circuit court adopted as its judgment the findings of the Workmen's Compensation Board and at the same time, as part of its judgment, dismissed the appeal of co-defendant Leibrand and the cross-appeal of claimant Oremus.

Leibrand appealed to this court and Oremus cross-appealed. Thereafter Oremus died as a result of the accident and a settlement was reached between Oremus's estate and Leibrand. Pursuant to stipulation the appeal of Leibrand insofar as it related to Oremus and the cross-appeal of Oremus against all parties were dismissed by order of this court September 2, 1969.

There now remained only the appeal between the Oregonian Publishing Company and Leibrand. A motion in this court by Oregonian Publishing Company to dismiss this appeal as moot was denied on November 26, 1969.

■■ All assignments of error have been rendered moot by the stipulated dismissal of appeals of September 2, 1969, except the assignment that the Oregonian Publishing Company is also responsible for claimant's compensation. The procedure to be followed where there is uncertainty as to the true employer or employers is provided in ORS 656.307. It reads:

> "Where there is uncertainty as to which of several subject employers, one of which is a direct responsibility employer, is the true employer of a claimant workman, the board shall, by order, designate who shall pay the claim, if the claim is otherwise compensable. Payments shall begin within 30 days after the board has been notified of the accident. When a determination of the true employer or employers has been made, the board shall direct any necessary monetary adjustment between the parties involved. Any failure to obtain reimbursement from a direct responsibility employer shall be recovered from the Direct Responsibility Employers Adjustment Reserve."

The Workmen's Compensation Board, pursuant to this statute, made a determination that Leibrand was an employer of Oremus and ordered him to pay compensation. The board did not "deem it necessary to decide whether the Oregonian Publishing Company might also be held to be an employer to Daniel Oremus." We think the board should have proceeded to make this determination. The apparent purpose of ORS 656.307 is to provide for the prompt commencement of compensation payments as soon as the determination is

made that the claimant suffered a compensable injury in covered employment. The statute requires that payments commence within 30 days of the Workmen's Compensation Board's notification of the accident and that the board designate initially who shall pay the claim. Having thus assured no delay in commencing compensation payments, the statute contemplates that the board then shall proceed to determine who the true employer or employers are and how much of the burden each should bear. This was not done by the board in this case.

It is necessary that the determination provided for in the statute be made in the manner provided by the statute. Should the board find an employer-employe relationship they should also make "any necessary monetary adjustment between the parties involved." ORS 656.307.

This case is remanded to the circuit court for referral to the Workmen's Compensation Board for proceedings consistent with this opinion.

Remanded.