Argued September 22, reversed and remanded with
instructions November 2, 1970

BAUER, *Appellant, v.* RICHARDSON,
*Respondent.*

475 P2d 995

*Charles R. Marsch*, Bend, argued the cause and filed the briefs for appellant.

*William M. Holmes*, Bend, argued the cause for respondent. On the brief were Gray, Fancher, Holmes & Hurley, Bend.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

This workmen's compensation case presents two questions. (1) Was the claimant a workman within the Act? (2) Was the work being done by the claimant in the course of the "trade, business or profession of his employer" within the meaning of ORS 656.027(3) (a)? The employer contends the answer to each question is in the negative.

The hearing officer answered the first question in the affirmative and the second in the negative, thus rejecting the claim. The board reversed, answering both questions in the affirmative. The circuit court answered the second question in the affirmative and the first question in the negative, on the ground claimant was an independent contractor. Accordingly, it reversed the board and ordered the claim rejected. Claimant appeals.

Respondent is a farmer. He determined to provide a residence for a regular employe of his whom he wanted to have live on the farm. For this purpose he bought a trailer house and had it installed on his property, and he needed to have it connected to the electric power on his property. He had a new transformer and pole placed on his property to service both

that residence and his barn and shop. He bought poles and all necessary additional electrical lines, wiring and related equipment for the job. The employer was responsible for digging required holes for the newly located poles, and agreed to furnish his own equipment therefor.

When the respondent was ready to move the wires he called the claimant, who lived on a farm in the neighborhood. This man was a retired employe of a California power company where he had worked as an electrician prior to his retirement. The employer asked him if he would move the wires. He was to be paid in the neighborhood of $4 or $4.50 an hour, and they estimated the work would take about two days. Claimant furnished only his personal electrician lineman tools, consisting of belt, pliers and hooks. While engaged by himself in removing the wire from one of the poles, the pole fell, throwing claimant to the ground, with resulting injuries. Employer was not present at that time. Claimant was to determine the manner in which the wires were to be both removed from and strung upon the poles. Employer had the right to terminate his work at any time. Basically the evidence established that the claimant was to take down from the existing poles the old wire and restring the new wire upon the new poles to the trailer.

ORS 656.002 (21) provides:

" 'Workman' means any person * * * who engages to furnish his services for a remuneration, subject to the direction and control of an employer * * *."

ORS 656.002 (13) provides:

" 'Employer' means any person * * * who contracts to pay a remuneration for and secures the

right to direct and control the services of any person."

■ The crucial question here is what is meant by "direction and control." We think it clear from the foregoing facts that the claimant was indeed subject to the direction and control of the employer within the meaning of the Act. The test is the right to direct or control—not the exercise of the right. *Whitlock v. State Ind. Acc. Com.*, 233 Or 166, 377 P2d 148 (1962).

In *Bowser v. State Indus. Accident Comm.*, 182 Or 42, 185 P2d 891 (1947), the court pointed out that the right of either party to terminate the relationship without incurring liability to the other is strong evidence that the contract is one of employment only.

■ It is not disputed here that claimant could have quit or been terminated at any time without incurring liability on the part of either party to the other for other than wages earned to that time.

Employer contends claimant was an independent contractor because the latter had the right, in removing the wire from the old poles and restringing them onto the new, to select his own method of doing that work.

It is pointed out in 58 Am Jur 671, Workmen's Compensation § 138:

"* * * The fact that the person rendering the service must or may use his own judgment does not itself conclude the question * * *."

We conclude that claimant was a workman within the Act and not an independent contractor.

The claimant concedes that his employment was "casual" within the meaning of ORS 656.027 (3). He contends, however, that his employment was "in the course of the trade, business or profession of his em-

ployer" under subsection (3)(a) of the foregoing statute, and that he is therefore a covered employe. This is the second question.

■ The trial court concluded, as did the board, that the work upon which the claimant was engaged was within the business of his employer. We think it clear that the consumption and use of electricity in the maintenance and operation of the substantial ranch business in which the employer was engaged is an integral part of that business. The wires upon which claimant was working carried electricity to the barn, shop, and the residence maintained for the convenience of the employer on his business premises for a full-time employe employed to work in the business.

We hold that the claimant was a covered employe.

The judgment is reversed and remanded with instruction to reinstate the order of the Workmen's Compensation Board.