Argued October 26, affirmed December 1, 1972, petition for review denied January 30, 1973

OREMUS, *Plaintiff, v.* THE OREGONIAN
PUBLISHING COMPANY ET AL
(No. 366-897), *Respondents,*
LEIBRAND, *Appellant.*

503 P2d 722

*Scott M. Kelley,* Portland, argued the cause for appellant. With him on the brief were Mize, Kriesien, Fewless, Cheney & Kelley, Portland.

*Thomas M. Triplett,* Portland, argued the cause for respondents. With him on the brief were Wayne A. Williamson and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland. Also of counsel: W. F. Lubersky, Michael G. Holmes and McColloch, Dezendorf, Spears & Lubersky, Portland.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This case was remanded by this court for the determination of who was or were the true employer or employers of Daniel Oremus. *See* 3 Or App 92, 470 P2d 162, Sup Ct *review denied* (1970). The Workmen's Compensation Board found that The Oregonian was the true employer and should reimburse Mr. Leibrand, the newspaper distributor, for compensation paid or payable. The board based its decision on a test denominated "relative nature of the work."[1] The circuit court reversed the board's finding and held, according to established principles, that The Oregonian had no

---

[1] This test is a departure from the contractual, right to control concept of the employer-employe relationship and is based upon the social philosophy that industry should afford compensation protection to those involved directly in the furtherance of the industry's objectives, the test being whether the relative nature of the work indicated the worker involved was an employe as a matter of "economic reality."

Professor Larson speaks favorably of the concept. *See* 1 A Larson, Workmen's Compensation § 45.23 (1967).

contract with Oremus and no right to control his work, and he therefore was not an employe of The Oregonian. Leibrand and his compensation carrier appeal to this court.

ORS 656.002(13) defines an "employer" as:

"* * * [A]ny person * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person."

ORS 656.002(21) defines a "workman" as:

"* * * [A]ny person * * * who engages to furnish his services for a remuneration, subject to the direction and control of an employer * * *."

An early and much quoted interpretation of these requirements is found in *Landberg v. State Industrial Acc. Com.*, 107 Or 498, 502, 215 P 594 (1923):

"The relation that must exist to constitute one person an employer and another person a workman, under the compensation act, is the relation of master and servant, and this relation originates wholly in contract, although the contract may be either express or implied. There must be a contract of hire. The services which the servant contracts to perform are personal services, and the master must have the right to direct and control the details of the work and the manner and mode of its performance. The test of the control, which the employer has the right to exercise and to which the servant is subject, means complete control * * *. In performing the services the servant represents the will of the master and is under his complete control and direction in all of the details of the work and in the mode and manner of its performance."

■ ■ Thus, there are two fundamental elements which must be present if an employer-employe relationship is to be found to exist: (1) a contract of hire be-

tween the parties, either express or implied; and (2) a right of control. As to the former requirement, if there is no contract, there can be no such relationship. *Smith v. State Ind. Acc. Comm.,* 144 Or 480, 23 P2d 904, 25 P2d 1119 (1933); *Vient v. State Industrial Acc. Com.,* 123 Or 334, 262 P 250 (1927); *Landberg v. State Industrial Acc. Com.,* supra. As to the latter, the important thing is not the actual exercise of control, but rather the right to exercise it. *Bauer v. Richardson,* 3 Or App 578, 475 P2d 995 (1970); *Whitlock v. State Ind. Acc. Com.,* 233 Or 166, 377 P2d 148 (1962); *Harris v. State Ind. Acc. Comm.,* 191 Or 254, 230 P2d 175 (1951). If the contract element between the parties exists, a court then looks to the right of control over the details and manner of performance. *Whitlock v. State Ind. Acc. Com.,* supra; *Bowser v. State Indus. Accident Comm.,* 182 Or 42, 185 P2d 891 (1947).

In this case, neither element appears to be present. There was no contract between the company and the newsboy. The company's only dealings were with Leibrand, who in turn made a contract with claimant. There was simply no contractual relationship, no body of rights and duties, existing between the company and the claimant.

Leibrand's suggested standard of "relative nature of the work" is appealing as a matter of social policy, but in Oregon, where the common law requirements of the employer-employe relationship have been adopted by statute, implementation of different standards is obviously a legislative matter.

Affirmed.

LANGTRY, J., specially concurring.

I agree that the Oregonian Publishing Company had

no contractual relationships between itself and its newsboy, Oremus. For this reason, I agree that decisions such as *Landberg v. State Industrial Acc. Com.*, 107 Or 498, 215 P 594 (1923), quoted in the opinion of the court, prevail. However, I agree with the dissent insofar as it says that it is not realistic to allow the publishing company to insulate itself from the usual burdens of an employer in its relationships with its newsboys. That is a legislative matter. We must decide this case in accordance with established legal precepts.

FORT, J., dissenting.

The Workmen's Compensation Board here concluded that Daniel Oremus was an employe of the Oregonian Publishing Company. In this court's previous opinion in this case, 3 Or App 92, 470 P2d 162, Sup Ct *review denied* (1970), we said:

> "* * * Should the board find an employer-employe relationship they should also make 'any necessary monetary adjustment between the parties involved.' ORS 656.307" 3 Or App at 96.

Essentially in this opinion the board applied the test known as "the relative nature of the work test." It contends that this test is not a departure from the test of right of control. Rather, the board concluded it is actually a refinement by which the right of control may be determined as a matter of economic reality with a broad view of the relative nature of the work. In so doing it relied on *Bowser v. State Indus. Accident Comm.*, 182 Or 42, 185 P2d 891 (1947); *United States v. Silk*, 331 US 704, 67 S Ct 1463, 91 L Ed 1757 (1947); and *Wallowa Valley Stages v. Oregonian*, 235 Or 594, 386 P2d 430 (1963). I do not believe it is realistic to allow the publishing company, which in reality exercises virtually complete control over the newsboy and

its agent Leibrand, to insulate itself from the burdens of an employer-employe relationship through the subterfuge of an allegedly independent contractor.

Accordingly, I would reverse the judgment of the circuit court and reinstate that of the Workmen's Compensation Board.