Argued June 24, affirmed September 9, reconsideration denied
October 2, petition for review denied November 1, 1974

BUCKNER, *Respondent, v.* KENNEDY'S RIDING
ACADEMY, *Appellant.*

526 P2d 450

*Noreen K. Saltveit,* Portland, argued the cause for appellant. With her on the briefs were Marmaduke, Merten & Saltveit, Portland.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison and Brian L. Welch, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

This workmen's compensation appeal involves three questions: (1) Was respondent an employer subject to the Act? ORS 656.002 (14) and 656.023. (2) Was claimant a subject workman? ORS 656.002 (22)

and 656.027. (3) Was claimant an employe at the time of her injury?

Claimant was injured when she was stepped on by a horse at Kennedy's Riding Academy on July 2, 1972. Mr. Kennedy has operated this business for a number of years and has usually been assisted by various teenage girls who do chores for him. Claimant was one of those girls.

Mr. Kennedy testified that he did not consider these girls to be employes. However, he paid at least one of them (often a different girl each day) $2 at the end of the day and also provided free lunch for all the girls who assisted that day. The girls who assisted were also allowed to ride the horses for free (customers were charged $1.50 per hour). Often more than one girl would work, even though only one girl ordinarily received payment for that day. On July 1 claimant performed services for Mr. Kennedy and received $2 in pay, in addition to lunch and free rides. The following day, July 2, claimant again was present at Kennedy's for work, but was not paid. On this day claimant was injured.

The hearing officer found that Mr. Kennedy was a noncomplying employer, ORS 656.002 (16), i.e., that he was a subject employer under ORS 656.023, but that he had not complied with the provisions of the Workmen's Compensation Act. The hearing officer also found that claimant was employed by Mr. Kennedy and that she suffered a compensable injury while so employed. The Workmen's Compensation Board affirmed the hearing officer as to Mr. Kennedy's status as a noncomplying employer. However, the Board reversed the order granting claimant's benefits, ruling

that claimant was not employed on the day she was injured.

Claimant appealed to the circuit court from that portion of the Board's order which held that she was not an employe on the day of her injury. There was no cross-appeal by Mr. Kennedy as to that portion of the order which held that he was a noncomplying employer. The circuit court found that claimant was an employe at the time of her injury and therefore reinstated the order of the hearing officer.

Mr. Kennedy's notice of appeal to this court states only that he "will urge the points that the Circuit Court erred in finding that claimant was an employee of Kennedy's Riding Academy at the time of her injury; and further, the Circuit Court's finding that the claimant did at such time suffer a compensable injury * * *." However, Mr. Kennedy, in his brief and on oral argument before this court, now argues also that the hearing officer and the Board were in error in finding that Kennedy was a noncomplying employer and that we should reverse because Kennedy is not a subject employer.

■ ORS 656.740 sets forth the procedures for challenging an order declaring an employer to be a noncomplying employer. Subsection (4) provides that, notwithstanding ORS 183.315, judicial review of such an order shall be as provided in ORS 183.310 to 183.500. In this case, the alleged employer, Kennedy's Riding Academy, did not seek judicial review of the Board's order declaring him to be a noncomplying employer within the statutory time limit prescribed in ORS 183.480. Therefore, Mr. Kennedy is precluded from raising this issue in the present appeal. *Cf., City of*

*Idanha v. Consumers Power,* 13 Or App 431, 434, 509 P2d 1226, Sup Ct *review denied* (1973); *Holmes v. Morgan,* 10 Or App 242, 248, 498 P2d 830, Sup Ct *review denied* (1972).

An employer is

"* * * any person * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person." ORS 656.002 (14).

Any employer who employs one or more "subject workmen" in this state is a subject employer, ORS 656.023, and must therefore comply with the provisions of the Workmen's Compensation Act.

A workman is

"* * * any person, including a minor whether lawfully or unlawfully employed, who engages to furnish his services for remuneration, subject to the direction and control of an employer * * *." ORS 656.002 (22).

■ Mr. Kennedy argues that the teenage girls who do chores for him are not "subject workmen," ORS 656.027, because the work they do is casual labor in that his total labor costs in a 30-day period do not exceed $100. ORS 656.027 (3). Therefore, he argues claimant was not an employe.

ORS 656.027 provides that all workmen are subject to the Act except for certain described nonsubject workmen, including:

"* * * * *

"(3) A workman whose employment is casual and either:

"(a) The employment is not in the course of the trade, business or profession of his employer; or

"(b) The employment is in the course of the

trade, business or profession of a nonsubject employer.

For the purpose of this subsection 'casual' refers only to employments where the work in any 30-day period, without regard to the number of workmen employed, involves a total labor cost of less than $100.

"\* \* \* \* \*"[1]

The record reveals that the girls who did chores for Mr. Kennedy worked in and around the stable with the horses and with customers who came to ride the horses. This work is clearly within the course of Mr. Kennedy's business of providing horses to ride for a fee. ORS 656.027 (3) (a). Thus the girls are subject workmen, regardless of whether Kennedy's total labor costs are less than $100 in a given 30-day period. *See, Bauer v. Richardson,* 3 Or App 578, 475 P2d 995 (1970).

■ Mr. Kennedy further argues that the girls are not employes because he has no contract of hire with any of them. He defines the arrangement with the girls as more in the nature of a gratuitous relationship, based on the contention that he allows the girls to ride his horses and buys them lunch in return for a minimal amount of work.

This argument breaks down upon an examination of the facts. The girls clearly agreed to furnish their services to Mr. Kennedy and he in turn accepted those services. The girls received their lunches, free use of the horses for riding and an occasional payment of a couple of dollars. This is sufficient as remuneration. ORS 656.002 (21) ; 1A Larson, Workmen's Compensa-

---

[1] ORS 656.027 (3) (b) is not applicable since Mr. Kennedy did not previously seek review of the order declaring him to be a noncomplying, hence subject, employer. *See,* ORS 656.740.

tion Law, § 47.43 (1973). It is also apparent that the girls were subject to the direction and control of Mr. Kennedy over the performance of their services and further that he regularly exercised that right.

The above is ample evidence that the relationship between Mr. Kennedy and the girls is that of employer-employe. ORS 656.002 (14) and (22) ; *Bauer v. Richardson,* supra; *see, Oremus v. Ore. Pub. Co./ Leibrand,* 11 Or App 444, 503 P2d 722 (1972), Sup Ct *review denied* (1973).

Whether claimant was an employe is a mixed question of law and fact. As the circuit court pointed out, Mr. Kennedy regarded claimant as an employe on the Workmen's Compensation Board Form 801, Report of Occupational Injury or Disease, which he filled out concerning claimant's injury. However, he stated that claimant was not employed on the day she was injured. The day before her injury claimant had worked for Mr. Kennedy and had been paid $2 plus lunch and transportation. It is thus clear that claimant was an employe.

◾ Finally, was claimant employed on the day she was injured? The testimony concerning this question is conflicting as to whether claimant was asked to work or was granted permission to work, or was even working. She was, however, on the premises and did perform some of the chores normally done by the girls when they worked.

The determination of this question largely depends upon the credibility of the witnesses. In such a situation, the opinion of the hearing officer, who had the opportunity to observe and hear the witnesses, though not binding, is entitled to considerable weight.

*Fredrickson v. Grandma Cookie Co.,* 13 Or App 334, 509 P2d 1213 (1973) ; *Etchison v. SAIF,* 8 Or App 395, 494 P2d 455 (1972). In this regard we agree with the circuit court which stated in its opinion and decision:

"\* \* \* If that evidence offered on behalf of claimant is believed, it is sufficient to support her contention that she was an employee. The Hearing Officer had the benefit of actually hearing and observing the witnesses' testimony. His opinion expressly indicates he disbelieved some of the employer's testimony. The Court finds no reason for substituting either the Board's or its own evaluation of the testimony for that of the Hearing Officer who originally heard it."

We therefore find that claimant was an employe of the Kennedy Riding Academy and that she suffered a compensable injury while so employed.

Affirmed.