Argued and submitted January 23, affirmed May 1, petition for review denied August 13, 2002 (334 Or 492)

In the Matter of the Compensation of
Stephen A. Fordice, Claimant.

WALLOWA COUNTY,
*Petitioner,*

*v.*

Stephen A. FORDICE,
*Respondent.*

99-03158; A113714

45 P3d 963

Kenneth L. Kleinsmith argued the cause for petitioner. With him on the briefs was Meyers, Radler, Bohy, Replogle & Miller.

John M. Pitcher argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

The outcome of this case depends on the answer to a single question: Is military service "employment" for purposes of the workers' compensation statutes? We agree with the Workers' Compensation Board (board) that it is. We therefore affirm the board's award of benefits to claimant, whose hearing loss was caused by military service and subsequent civilian employment.

Claimant served in the United States Army from 1969 to 1971. One year of his service was in combat in Vietnam, where he was exposed daily to the sound of gunshots, mortar fire and exploding bombs. In 1975, claimant went to work for Wallowa County (employer). For the last 15 years with that employer, he has been an equipment operator, exposed daily to chain saws, jackhammers, grinders and dump trucks. For safety reasons, he has often been unable to wear ear plugs. Beginning around 1980, claimant began to notice binaural hearing loss. In 1997, he visited an audiologist. The next year, his family doctor diagnosed "very poor hearing" and recommended hearing aids. Claimant filed a claim for his hearing loss, and, when employer denied it, he requested a hearing.

Claimant's argument, accepted by the board, invokes the "last injurious exposure rule." That rule

> "imposes full responsibility on the last employer, from the time of the onset of the disability, if the claimant was exposed there to working conditions that could have caused the type of disease suffered by the claimant. *Runft v. SAIF*, 303 Or 493, 499, 739 P2d 12 (1987). The last injurious exposure rule is both a rule of proof and a rule of assignment of responsibility. *Id.* at 500." *Roseburg Forest Products v. Long*, 325 Or 305, 309, 937 P2d 517 (1997).

As a "rule of proof," the last injurious exposure rule establishes that a claim is compensable if the disability results from all of claimant's employment, including out-of-state jobs; as a "rule of responsibility," it assigns liability for that claim as between claimant's employers. *Reynolds Metals v. Rogers*, 157 Or App 147, 153, 967 P2d 1251 (1998), *rev den*

328 Or 365 (1999); *Silveira v. Larch Enterprises*, 133 Or App 297, 302-03, 891 P2d 697 (1995).

After reviewing a lengthy medical record, the administrative law judge (ALJ) found that claimant's hearing loss was caused by his military service and his work for employer. The board accepted these findings, as do we; they are supported by substantial evidence. Thus, the only issue we address is whether claimant's military service counts as employment for purposes of the workers' compensation statutes. If it does, then the last injurious exposure rule applies and employer is liable.

■ Employer asserts that claimant's military service was not an employment relationship, as defined under the Oregon workers' compensation law, and that therefore, because claimant did not prove that work for employer was the major contributing cause of claimant's disability, employer is not liable. An employment relationship exists when two elements are present: (1) a contract of hire, either express or implied, and (2) a right of control. *Oremus v. Ore. Pub. Co./Leibrand*, 11 Or App 444, 446-47, 503 P2d 722 (1972), *rev den* (1973).[1] It is undisputed that a member of the military is subject to its control. Employer, however, argues that a member of the military does not work under an express or implied contract, because military service is devoid of "mutuality" in that the worker frequently has not chosen to enter into the employment relationship[2] and is not free to terminate it.

■ This argument is untenable. We agree with the following conclusions of the ALJ that were subsequently adopted by the board:

"[T]here was effectively an implied contract of hire between claimant and the federal government. It is undisputed that, during the period of his military service, there was a

---

[1] *See* ORS 656.005(13)(a) (an "[e]mployer * * * contracts to pay a remuneration for and secures the right to direct and control the services of any person"); ORS 656.005(30) (a "[w]orker engages to furnish services for a remuneration, subject to the direction and control of an employer").

[2] The record in this case does not indicate whether claimant was a conscript or a volunteer.

mutual arrangement between claimant and the government which involved reciprocal rights and obligations. Claimant was obligated to provide, and the government was entitled to receive, personal services for the benefit of the government, while the government was obligated to provide, and claimant entitled to receive, remuneration consisting of military pay, room and board, training, transportation, pension benefits, and compensation for service-related disabilities. The exchange of services for remuneration is a basic element that defines an 'employer' and a 'worker' under Oregon worker's compensation law. *See* ORS 656.005(13)(a) and (30)."

Employer cites no authority, and we find none, for the proposition that freedom to enter or exit a work situation is a necessary element of an implied contract for purposes of workers' compensation law in general or the last injurious exposure rule in particular. Indeed, ORS 656.005(30) explicitly excludes from the definition of "workers" those "whose services are performed as an inmate or ward of a state institution or as part of the eligibility requirements for a general or public assistant grant." Had the definition of "worker" inherently included a volitional requirement, this part of the statute would have been unnecessary. Thus, the two elements necessary to establish an employment relationship under Oregon workers' compensation law (a contract of hire and a right of control) have been established.

Further, employer's argument stems from the premise that the last injurious exposure rule applies only when all of the disability-causing employment took place under an "employment relationship," as defined in *Oremus,* 11 Or App at 446-47. That case, however, did not involve the last injurious exposure rule; the issue was whether a newspaper boy was in an employment relationship with the newspaper's publisher. On the other hand, in *UPS v. Likos,* 143 Or App 486, 490, 924 P2d 857 (1996), this court held that, under the "rule of proof" aspect of the last injurious exposure rule, "all of claimant's potentially causal employments, including her period of self-employment * * *, should be considered for the purpose of determining whether her condition is work related." In that case, during the claimant's period of self-employment, she was a "sole proprietor"—that is, she was not a worker in an employment relationship with an

employer. Thus, here, even if claimant's military service could not be considered an "employment relationship," the fact that both that employment ("work * * * in which one's labor or services are paid for[,]" *Webster's Third New Int'l Dictionary,* 743 (unabridged ed 1993)) and his work for employer caused his hearing loss means that employer is liable under the last injurious exposure rule.

Affirmed.